## Gulf, Colorado & Santa Fe Railway Company v. J. W. Shelton.

### No. 1181. Decided March 2, 1903.

**1.—Assignment of Error—Contributory Negligence.**

Errors were assigned on appeal upon the giving a charge that the burden of proving plaintiff's contributory negligence was on defendant and upon refusal of a requested instruction, that, while this was so, the jury should find for defendant if from plaintiff's own evidence it appeared that he did not exercise reasonable care. An assignment of error in the Supreme Court upon the overruling of these assignments, because the refusal of such requested charge was calculated to make the jury believe that upon this issue they were not entitled to consider the evidence offered by plaintiff, raised a question not presented on appeal, and did not raise the question of error in giving the charge upon burden of proof under the state of the evidence. (Pp. 314-316.)

**2.—Carriers of Passengers—Connecting Lines—Joint Employes.**

A railroad transporting a passenger to the terminus of its line, where he was injured by negligence of a switching crew handling the car, the crew being employed by the connecting road but doing the work of both companies at their joint expense, was liable as though the negligence were that of its own servants. (Pp. 316, 317.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Dallas County.

Shelton sued the railway company for personal injuries received while a passenger on its line, resulting in the loss of both legs. He had judgment for $35,000, which was affirmed on appeal, and the company secured writ of error.

*J. W. Terry* and *Alexander & Thompson,* for plaintiff in error. *W. H. Clark* was also on brief upon appeal. [From argument in support of a motion for rehearing, which was overruled.]—The court erred in refusing to consider the error of the Court of Civil Appeals in holding that the trial court did not err in charging the jury that the burden of proving contributory negligence was on the defendant, and in refusing the ninth special instruction requested by the defendant. We shall contend: (1) That these questions having been directly presented by specific assignments of error in the Court of Civil Appeals—"arising upon the assignments of error"—and all pertinent matters in the record in connection therewith having been set forth in the brief, that it was the duty of the judges of the Court of Civil Appeals and of this court to declare the law pertaining thereto, and in the discharge of this duty to define the reason upon which the law rests. (2) That these questions were presented to the Court of Civil Appeals in appellant's brief in substantial compliance with the rules and practice. (3) That the Court of Civil Appeals, having expressly, on the face of their opinion, decided these questions, thereby waived any informality in their presentation, and that it was the duty of this court, as one of review, to revise the action of the Court of Civil Appeals.

We know of no case in America or England where the brief of counsel has presented an assignment directly raising a question, and has stated all matters in the record pertinent thereto, where the court has declined to decide the question because the counsel has failed to state the reason upon which, in the opinion of the judges, the law is founded. Railway Co. v. King, 80 Texas, 681; Railway Co. v. Smith, 87 Texas, 348; Railway Co. v. Pendry, 87 Texas, 553; Fuqua v. Pabst Brewing Co., 90 Texas, 301; Watkins v. Junker, 90 Texas, 588; Cleveland v. Butts, 35 S. W. Rep., 804; 13 Texas Civ. App., 272.

It has been the uniform rule that a judgment of the Court of Civil Appeals correct in itself will be affirmed by this court, although in its opinion the Court of Civil Appeals has based its judgment on a wrong reason. Texas Brewing Co. v. Templeman, 90 Texas, 281; State v. Hoff, 88 Texas, 299; Avery v. Popper, 92 Texas, 337; Arnold v. Attaway, 89 Texas, 506.

We think that these cases are analogous, and our contention is that it is the authority and duty of this court to revise the rulings of the Court of Civil Appeals, regardless of the presence or absence of a good or bad reason therefor. By our statute (Rev. Stats., art. 1363), the charge of the court and the action of the court in refusing charges is deemed excepted to. In order to secure a review of the court's action on appeal, it is not necessary that it shall be made to appear in any manner in the record that the reason for the alleged error was brought to the attention of the district judge; indeed, it is not even necessary to file a motion for new trial. Gulf, C. & S. F. Railway Co. v. Campbell, 76 Texas, 174. If, in appealing from the district court, all that is required of the appellant is to point out the error without giving the reason of the law, why should any different rule apply when an appeal is taken from the Court of Civil Appeals to this court? Rev. Stats., art. 943, reads: "If it shall appear to the Supreme Court from an inspection of the petition and record that there is error in said judgment of the Court of Civil Appeals, it shall grant a writ of error." It is plain that the jurisdiction and duty of this court to act does not depend on the question whether counsel have presented their case in the Court of Civil Appeals with meager or conspicuous ability. The statute demands action by this court when the court finds, from an inspection of the petition and record, that there is an error in the judgment of the Court of Civil Appeals. The court, upon the inspection of the petition and record, did find that there was an error in the judgment of the Court of Civil Appeals, but now declines to consider the matter for the supposed reason that counsel for plaintiff in error did not sufficiently enlighten the judges of the Court of Civil Appeals concerning the subject matter on which the error was committed. The court might properly tax the plaintiff in error with the costs, as it ruled in Watkins v. Junker, 90 Texas, 588, as a penalty for the failure of its counsel to properly argue the question in the Court of Civil Appeals, but to impose on the client the penalty of affirming a judgment for $35,000

for this slight neglect of counsel violates the spirit of section 13 of the Bill of Rights, which provides that cruel or unusual punishment shall not be inflicted. An examination of the opinions of this court will show that it has frequently decided important questions on grounds not even suggested by counsel. The case of Central Montgomery Railway Co. v. Morris, — Texas, and Gulf, C. & S. F. Railway Co. v. Morris, 67 Texas, 692, were affirmed on a proposition that was not squinted at in the remotest way in the brief of counsel for appellee. The case of Indianola Railway Co. v. Fryer, 56 Texas, 609, was reversed on a reason not suggested by counsel for appellant. Examples could be multiplied.

But your honors aver that we did not, on the face of the brief, suggest to the Court of Civil Appeals the idea that plaintiff in error was prejudiced by having the burden of proof on the issue of contributory negligence imposed upon it, for the reason that the jury may have inferred therefrom that they were not to consider the plaintiff's evidence upon this issue. We earnestly submit that this suggestion was apparent on the face of the brief filed in the Court of Civil Appeals. On page 29 of that brief, defendant's ninth special instruction, which is made the basis of the sixteenth assignment, is printed in full, and in the sixteenth assignment it is asserted that the court erred in refusing to give this charge which properly instructed the jury with respect to the burden of proof on the question of contributory negligence.

Now, is it not apparent from the face of this charge that the Court of Civil Appeals was fully advised that it was the appellant's contention that the jury should have been unmistakably informed, as this charge requested they should be informed, that, in considering the issue of contributory negligence, they would consider the plaintiff's own testimony?

Rule 30, governing the form of briefs, reads: "Each point under each assignment shall be stated as a proposition, unless the assignment itself may sufficiently disclose the point, in which event it shall be sufficient to copy the assignment." We respectfully submit that, within the meaning of this rule, the sixteenth assignment of error, in connection with the charge number 9 therein referred to, and which charge was printed under the assignment, did on its face disclose the reason that we now stand upon; that is, that the trial court should have unmistakably informed the jury, in determining the issue of contributory negligence, that they should take into consideration plaintiff's evidence. That ninth charge as unmistakably on its face disclosed the point as it is in the power of human language to speak. We might iterate and reiterate, but still the idea would merely be presented under varying verbiage.

These questions were thus presented in the petition for writ of error:

"The honorable Court of Civil Appeals erred in overruling the tenth and sixteenth assignments of error, which complained of the charge of the trial court, 'the burden of proving contributory negligence devolves

upon defendant,' and of the refusal to give defendant's special charge number 9, because appellee's own testimony tended strongly to show—if it did not completely establish—his contributory· negligence as being the proximate cause of the injury; and on this state of the evidence the burden of proof was improperly placed upon the defendant by the trial court [as such charge was calculated to cause the jury to believe that in considering this issue they were not entitled to consider the evidence offered by plaintiff], and herein the Court of Civil Appeals erred in holding that appellant's charge 9 was properly refused."

Now, the only possible difference between the presentation in the Court of Civil Appeals and in this court is the fact that we did not in haec verba use the exact language in the printed brief in the Court of Civil Appeals inserted above between the brackets, though, as we have contended elsewhere, the idea embraced in that language was necessarily apparent on the face of the ninth special charge, which was printed in the brief of the Court of Civil Appeals and was lucidly and specifically disclosed by the authorities cited in the Court of Civil Appeals. But the only purpose of that language was to show how plaintiff in error had been prejudiced by the erroneous charge and the refusal of the special charge 9.

It seems to us that a man who alleges and proves that he got off a moving train in the dark, without taking time to ascertain which way the train was moving, stepped off the wrong way and thereby had his legs cut off, is prima facie guilty of contributory negligence, and that it was incumbent upon him to prove circumstances which would afford some excuse for such conduct, and therefore that there was ample ground for the assertion in the proposition that the burden of proof should have been upon the plaintiff. This on the authority of the extracts we have made from the Sheider case. Railway Co. v. Reed, 88 Texas, 439.

We cited the case of Texas & P. Railway v. Reed, above quoted from, under the assignment which embraced the refusal to give the ninth special charge, which was evidently drawn with the decision of your honors in the Reed case in view, and if the judges of the Court of Civil Appeals read the Reed case, which we have the right to presume they did, and in fact believe that they did, they were fully advised as to the suggestion which your honors say is made for the first time in our petition for writ of error of the theory that, under the unqualified charge that the burden of proof was on the defendant, the jury may have understood that they could not find for the defendant although plaintiff's evidence may have made that fact apparent. · Again, we cited in the Court of Civil Appeals the case of Railway v. Martin, 63 S. W. Rep., 1089; and we cited the case of Railway v. Lewis, 63 S. W. Rep., 1092.

We had the right to presume that the judges of the Court of Civil Appeals would read the cases of Martin and Lewis and, having done

so, would be fully and specifically advised of every possible theory relied on by the plaintiff in error.

The record shows that the case was orally argued in the Court of Civil Appeals. The presumption is that, during the course of such oral argument, counsel fully advised the Court of Civil Appeals of all their reasons for every position assumed in the brief.

It was said by your honors in Clarendon Land Imp. Co. v. McClelland, 86 Texas, 190, with respect to the assignments of error, "They should be given a reasonable and practical construction and not one calculated to embarrass suitors in the appellate tribunals by unnecessary restrictions," which language is substantially reiterated by your honors in the recent case of Wilson v. Johnson, 94 Texas, 272. Should not the same principles apply to the rules governing the construction of briefs, and where it appears, as here, that a brief in connection with the authorities cited presented every possible theory, and where it appears, as here, that the idea which your honors say was not presented to the Court of Civil Appeals was apparent on the face of the ninth special charge printed in full on page 29 of the brief so plainly manifest that he who runs may read, that a litigant should not be denied the right to a hearing by this court? Indeed, an eminent judge of this court said that, in this respect, the court had more control over its rules than over statutory requirements.

It is said that the law of stare decisis applies with peculiar force to the rules of practice. This is just, since lawyers are at least human beings, and when they have followed rules of practice in the framing of their briefs which in all prior cases have given the cause title to consideration, they should not be cut off by a new rule of which they had no prior notice. But it is admitted that our assignments of error were sufficient (Clarendon Land Imp. Co. v. McClelland, 86 Texas, 190; Cotton Press Co. v. McKellar, 86 Texas, 700); and we urgently insist that the case of Watkins v. Junker, 90 Texas, 588, is directly in point and conclusive of the proposition that, even if we did fail to suggest the reason to the Court of Civil Appeals, that the proper penalty to be inflicted upon the plaintiff in error is to tax it with the costs of this court.

But we are not without other precedents. Building and Loan Assn. v. Griffin, 90 Texas, 480; Howell v. Hanrick, 88 Texas, 411.

It is apparent from the opinion of your honors that in the Rutherford case the point that the charge was on the weight of the evidence was not made in the Court of Appeals, but it is equally manifest that in this case the specific objection that the trial court erred in charging that the burden of proof on the issue of contributory negligence was on the defendant, and erred in not giving the ninth special instruction, which would have qualified the court's error, was distinctly and affirmatively made in the Court of Civil Appeals.

Indeed, we went further and asserted that the court should have

imposed the burden of proof on the plaintiff. Surely the statement that the greater includes the less will not be seriously questioned, and when we asserted that the burden of proof should have been imposed on plaintiff, it inevitably involved the proposition that it should not have been imposed on the defendant.

Responding to the claim that the error of the court in charging that the burden of proof on this issue was on the defendant, was invited by the ninth special charge requested by the defendant. We quote from the opinion of your honors in the International & G. N. Railway Co. v. Sein, 89 Texas, 63.

It is apparent from the manner in which the ninth special charge begins that it was the intent and purpose to qualify the erroneous charge given by the court, and to relieve the defendant from the prejudice thereby created with the jury by having the jury affirmatively and specifically advised, as this ninth special charge undertook to do, that in passing on this question they would consider the plaintiff's evidence. Moreover, it is doubtful whether the doctrine of invited error should have application in a case where the record affirmatively shows that the charge given to the jury was not prepared by the judge, but was prepared by the plaintiff's counsel and was given to the jury in the form of a charge by the court merely for the purpose, as stated by counsel in the oral argument to this court, to disguise from the jury the fact that it had been prepared by the counsel; for in such case the invitation to commit the error was extended by the plaintiff and not by the defendant.

If the ninth special charge was not technically accurate in every detail, it was at least sufficient to call to the attention of the trial judge the error which he had committed in unqualifiedly instructing that the burden was on the defendant and to suggest to him the necessity of giving the proper charge in line with the decision of your honors in the Texas & P. Railway Co. v. Reed; Railway v. Atchison, 54 S. W. Rep., 1075; Railway v. Webb, 20 Texas Civ. App., 431; Railway v. Horkan, 45 S. W. Rep., 391.

The court erred in failing to hold that defendant in error was guilty of contributory negligence as a matter of law. Sanches v. Railway Co., 88 Texas, 117; Crawford v. Railway Co., 89 Texas, 89; Railway Co. v. Brown, 2 Texas Ct. Rep., 751.

Your honors, we conceive, have erred in overruling the fifth assignment of error as presented in the petition for writ of error, covering the seventh and eighth assignments of error as presented in the brief, because the charges were misleading and on the weight of the evidence, in that the evidence was that Jim Peters, the yardmaster, alone had charge and control of the yard crew and of the switching of the coaches and trains, and the court encroached on the province of the jury in instructing them, as the court did, that the yard crew, or any of them, in the performance of such duty, became and were, as to the plaintiff herein, the servants of defendant. Your honors, in the opinion, have not expressed any reasons in the disposition of said assignment, but we

contend it is manifest from the authorities that your ruling involves a departure from a long settled rule of decision in this State, which is to the effect that the authority of an agent or representative and especially a subordinate employe is a question of fact for the jury. Blain & Kelley v. Express Co., 69 Texas, 78; Railway Co. v. Brentford, 79 Texas, 625; Railway Co. v. Zantsinger, 93 Texas, 67; Insurance Co. v. Brown, 82 Texas, 631; Railway Co. v. Faber, 63 Texas, 344; Bigham v. McDowell, 69 Texas, 100.

We ask your honors to reconsider your ruling on the proposition that the charge of the court was misleading wherein it erroneously assumed as a matter of law that any of its servants to whom it had intrusted the duty and authority of directing and controlling the movement of its train while the same was being switched was under the obligation to use ordinary care toward plaintiff merely upon discovering his presence in the car. We think certainly the charge should have had the modification that the plaintiff must not only have been seen, but there should have been a reasonable appreciation of danger on the part of the one seeing him before there could arise the duty of ordinary care. The frame of the charge was such as did likely convey to the jury the impression that it was incumbent upon such employe to stop the car, to admonish the plaintiff not to get off, or to have watched and seen that plaintiff did not injure himself; or, in other words, the jury may have reasonably concluded, in the light of the testimony adduced, that the superior obligation rested upon the defendant to advise, instruct and admonish plaintiff, without any reference to the question of an appreciation of danger. Denison & S. Railway Co. v. Carter, 5 Texas Ct. Rep., p. 920; Missouri, K. & T. Railway Co. v. Haltom, 95 Texas, 112; Texas & P. Railway Co. v. Overall, 82 Texas, 248. After Petri made the remark, "Get out quick or you will get left," it does not appear that he saw Shelton. Shelton was then in no danger. When Petri made the remark he may have assumed that plaintiff would go into the adjoining coach, which went through. Hence it does not so conclusively appear that Petri ever realized that plaintiff was or would be in danger as to authorize the court to withdraw this question from the jury.

The court erred, as we conceive, in the opinion, in holding that the defendant was liable for the acts of the servants of the Atchison, Topeka, & Santa Fe Railway Company in the switch yards at Purcell as a matter of law. While it is true, as intimated by your honors in the opinion, that the written contract, if any, between the two railroads concerning joint business at Purcell was not introduced in evidence, the verbal testimony of ex-Superintendent Pendell, introduced without objection, covered substantially the facts recited in the fifteenth assignment of error, as copied in the brief of appellant in the form of a proposition, briefly summarized as follows: That the Gulf, Colorado & Santa Fe Railway Company did not employ them, did not pay them their wages, did not have the power or authority to discharge them, and that,

at the time of the accident, they were engaged in services for the Atchison, Topeka & Santa Fe Railway Company, preparing to make up the north bound train of the Atchison, Topeka & Santa Fe Railway Company. We think the case of Railway Co. v. Dorsey, 66 Texas, 148, cited by your honors, is nowise in point, for the reason that that case involved the relation of master and servant, and there was in that case confessedly no evidence as to the material facts which were developed in the case under consideration. We think the authorities more in point and which should have more persuasive force, if not controlling force, with this court are Harris v. Howe, 74 Texas, 534; McCarn v. Railway Co., 84 Texas, 353; Railway Co. v. Looney, 85 Texas, 166. We think your honors correctly find in the opinion that plaintiff was carried from Gainesville to Purcell, the point of his destination on defendant's line; that the station was properly announced and the passengers left the car, except Shelton and another man. It is a fair inference from the statement of your honors in the opinion that the duty of the plaintiff in error as a carrier had been discharged by his safe transportation to Purcell, and the opportunity accorded him as was accorded other passengers enabling them to alight and depart in safety. Now, the evidence sustains the findings of your honors that the switching crew employed by the Atchison, Topeka & Santa Fe Railway Company took charge of the train upon its arrival. We maintain that the status of Shelton as a passenger in his relation toward the plaintiff in error had ceased. Railway Co. v. Kirkbride, 79 Texas, 458; Wallace v. Oil Co., 91 Texas, 21.

Surely there was evidence in this case before the jury which would authorize the jury to find that Petri, the switchman, was the servant of the Atchison, Topeka & Santa Fe Railway Company and not of plaintiff in error, or that, if he was the servant of the plaintiff in error, that in advising the plaintiff to get out of the car while it was in motion he was not acting within the scope of his authority. There was evidence upon which the jury could have found that plaintiff in error had no right of control as to the manner in which the work was to be done, or over the means by which it was to be done, for the evidence showed that plaintiff in error had no authority or right to employ or discharge the switchmen; that they were not subject to the orders of its officers, but were employed and paid by the Atchison, Topeka & Santa Fe Railway Company, which alone had the authority to discharge them, and that for the service rendered plaintiff in error by the Atchison company through its switchmen, plaintiff in error paid the Atchison company 50 per cent of the expenses by it incurred. Surely on this state of facts the trial court should not have assumed in the charge that the switchmen were the servants of plaintiff in error, but should have submitted that as an issue of fact to be decided by a jury. It is true, as your honors state, that the written contract between the two companies was not offered in evidence. This may have been a circumstance that might have authorized the jury to discredit the evidence of the defendant on

this subject, but surely it was not of such controlling effect as to authorize the court to invade the province of the jury and decide this question of fact.

In our jurisprudence, it has always been held that it is the province of the jury and not of the trial court to draw inferences. Please see the following cases: Stooksbury v. Swan, 85 Texas, 571; Heldt v. Webster, 60 Texas, 208; Scott v. Pettigrew, 72 Texas, 321; Railway v. Burns, 71 Texas, 481; Clark v. Hills, 67 Texas, 141; Biering v. Bank, 69 Texas, 602; Railway Co. v. Robinson, 73 Texas, 284; Railway Co. v. Burnett, 80 Texas, 536; Kerlicks v. Meyer, 84 Texas, 159; Beaumont, etc., Co. v. Preston, 65 Texas, 451; Hanna v. Hanna, 3 Texas Civ. App., 51; Railway v. Knippa, 27 S. W. Rep., 731; Garteiser v. Railway Co., 2 Texas Civ. App., 230; Railway Co. v. Lauricella, 87 Texas, 277.

The evidence was of such a nature as to bring the case within the ruling in Wallace v. Southern Cotton Oil Co., 91 Texas, 21, and other similar cases, to the effect that it was a question of fact that should have been submitted to the jury to find whether the Atchison yard crew were servants of defendant, and that the court invaded the province of the jury by assuming in the charge and instructing the jury that they were servants of the defendant. Even if we are wrong in this, the contention still remains that though the switchman Petri may be considered in some respects as a servant of appellant, that, under the evidence in this cause and under every prior decision of any Texas court pertaining to the subject, it was a question of fact for the jury to decide whether Petri, when he made the remark that induced plaintiff to get off the car while it was in motion, or when he was guilty, if he was, of any other action or inaction, was acting within the scope of his authority and that the trial court invaded the province of the jury when the court practically assumed in its charge that Petri was acting within the scope of his authority. Railway Co. v. Anderson, 82 Texas, 520; Railway Co. v. Black, 87 Texas, 160; Railway Co. v. Mother, 5 Texas Civ. App., 91; Railway Co. v. Perry, 27 S. W. Rep., 496.

On the question now considered, how can that case be distinguished from this? The difference is that Perry's destination was a way station, where here the destination of Shelton, so far as this appellant is concerned, was its terminal station where, as the court knows, stops are longer than at a way station, and hence Shelton had more time to get off than Perry did. The other difference is that in the Perry case the porter plainly advised Perry that he could get off in safety, and accompanied him to the very steps of the car. Here, at most, it is claimed that the switchman made a suggestion which might be construed as advice to walk into an adjoining car, instead of making an attempt to get off. Surely the porter of the train has more apparent authority to advise a passenger to get off a moving train than a switchman, because it is well known that it is the duty of the porter, when the train is at a standstill, to aid passengers in getting on and off.

Judge Finley, however, made no distinction between the porter and brakeman. The Perry case has been approved in Railway Co. v. Atchison (Texas Civ. App.), 54 S. W. Rep., 1075; Railway Co. v. Alexander (Texas Civ. App.), 30 S. W. Rep., 1114, and other Texas cases.

In the following cases it is held that the extent of the carrier's obligation is to announce the stations, and to wait long enough for the passengers to get off, and it does not owe to the passengers, or each passenger, the duty to arouse him and see that he gets off. Texas & P. Railway Co. v. McKenzie (Dallas court), 70 S. W. Rep., 237; Texas & P. Railway Co. v. James, 82 Texas, 306; Railway Co. v. Alexander, 30 S. W. Rep., 1114; Railway Co. v. McCullough, 18 Texas Civ. App., 535; Railway Co. v. Cohn, 22 Texas Civ. App., 11; Railway Co. v. Atchison, 54 S. W. Rep., 1075.

No such duty existing, on what pretense can it be said that a non-existing duty has been delegated to a switchman? But the Court of Civil Appeals sustained their conclusion on the bare fact that the switchman, Petri, who they found from the evidence was the party who made the remark to the appellee, "Get out quick, or you'll get left," had apparent authority, because he was the only railroad employe in the car. In all of the cases we have cited, such as Railway Co. v. Anderson, Railway Co. v. Perry, Railway Co. v. Mother, Railway Co. v. Black, etc., it did not appear that any other employe than the porter or brakeman was in or about the particular car in question, yet it was held that no apparent authority existed in the porter or brakeman, which holding in those cases is necessarily in conflict with that of the Court of Civil Appeals in this case. Had the party who walked through the car and made this remark been a hotel runner or a passenger, the result to Shelton would have been the same.

In concluding this motion, as we now purpose doing, we hope this court will consider the case in the light of the opinion in Land Co. v. McClelland, 86 Texas, 187, wherein this court undertook to settle the question of practice as to the consideration of errors; and wherein this court held that "the statute and rules should be given a reasonable and practical construction and not one calculated to embarrass suitors in the appellate tribunals by unnecessary restrictions;" and wherein it was held that "it was never intended to hedge either the Court of Civil Appeals or the Supreme Court around with technical and arbitrary requirements so as to cut off the approach of such parties as seek relief in good faith from the consequences of supposed errors committed to their prejudice in the trial courts;" and wherein it is held "where an assignment of error is sufficiently specific to enable the court to see that a particular ruling is complained of it should be held good although it should fail to state the reason why such ruling is claimed to be erroneous." With such consideration as we invoke, we indulge the hope that your honors will revise your judgment and reverse and remand the cause on account of the error which your honors have already found exists in the record, as well as other errors complained of.

*Finley & Knight* and *Etheridge & Baker,* for defendant in error.—
The question upon which this writ of error was granted is in nowise
involved in the case.

This writ of error was granted upon the proposition that the court
erred in instructing the jury that "the burden of proving contributory
negligence devolves upon the defendant;" obviously not for the reason
that, as a matter of law, the burden as to that issue did not devolve
upon the defendant, but evidently because this court was of the opin-
ion that "such charge was calculated to lead the jury to believe that
they should consider alone the evidence offered by the defendant upon
that issue." Gulf, C. & S. F. Railway Co. v. Hill, 95 Texas, 629;
Gulf, C. & S. F. Railway Co. v. Hill, 70 S. W. Rep., 103; Texas & P.
Railway Co. v. Reed, 88 Texas, 439, 447.

But no such question was raised in or presented to the Court of
Civil Appeals, and such question is not, therefore, before this court.
The only assignments of error that in anywise relate to this portion of
the charge are the tenth and sixteenth. These assignments of error
are grouped and set forth on page 28 of the brief filed by the plaintiff
in error in the Court of Civil Appeals. Under these two assignments,
so grouped, but one proposition, in nowise germane to either assign-
ment, is propounded, and that is as follows:

"Plaintiff's own evidence disclosed his contributory negligence, and
the burden of proof should properly have been fixed by the trial court
upon the plaintiff." It will be observed that this proposition is not
to the effect that the charge was erroneous, as tending to mislead the
jury to believe that in determining the issue they would exclude from
consideration the evidence of the plaintiff himself and that adduced
by him. It is merely to the effect that the burden of proof upon the
issue should have been imposed upon the plaintiff. Manifestly, this
proposition can not be maintained, for the reason that the case does
not fall within either of the two well defined exceptions to the general
rule, as laid down in the Shieder and other subsequent similar cases.
We contend that all objections to the charge not embraced in the said
assignments or in the proposition thereunder are waived. We further
contend that this writ of error was granted upon a question that is in
nowise involved, because not raised. No case in Texas holds that the
burden of proof as to contributory negligence devolves upon the plain-
tiff, unless the case falls within one or the other of the two exceptions
distinctly specified in the Shieder case. This is not such a case. The
burden of proof as to the issue of contributory negligence in this case
did not devolve upon the plaintiff. Had either of the said assignments
of error, or any proposition propounded thereunder, complained of the
charge as tending to mislead the jury, the question upon which the
writ was granted would have been involved; but inasmuch as there is
no reference whatever in either of said assignments or in the proposi-
tion propounded thereunder to that question, it must be eliminated
from consideration.

This case is here in the same attitude as was that of Houston & T. C. Railway Co. v. Rutherford, 94 Texas, 518. In that case, the writ was granted upon the proposition that a certain charge was on the weight of the evidence. Confessedly the charge in that case was on the weight of the evidence, but it developed that no complaint of the charge on that ground, although it was complained of in other respects, was made in the Court of Civil Appeals, and hence this court, notwithstanding the error in the charge, affirmed the judgment of the Court of Civil Appeals. What your honors said in that case is directly applicable here.

The sole contention made by the plaintiff in error in the Court of Civil Appeals, was that the burden of proof as to contributory negligence devolved, not upon the defendant, but upon the plaintiff. By this contention it must stand or fall in this court. If that contention is unsound its complaint must be disregarded, for the reason that it must be, in accordance with the Eberheart case, 91 Texas, 321, and the Rutherford case, 94 Texas, 521, 522, held that all questions not raised either by the assignment or by the proposition propounded in support of it have been waived and abandoned.

Now the tenth assignment reads: "The court erred in charging the jury as follows: The burden of proving that plaintiff was guilty of contributory negligence devolved upon the defendant." On what ground did the court so err? Certainly, this assignment is silent on the subject.

The sixteenth assignment is as follows: "The court erred in refusing to give to the jury defendant's ninth special instruction, which properly instructed the jury with respect to the burden of proof on the question of contributory negligence." Turning to the ninth special instruction, we find that it distinctly concedes, "The burden is on the defendant to prove its defense of contributory negligence." Certainly, this assignment is not to the effect that the charge was misleading; and most certain it is that this assignment can not be considered for any purpose, because no proposition is propounded in support of it, but upon the contrary the only proposition propounded in support of the two assignments so grouped is not in support of but is in absolute opposition to the sixteenth assignment. We are then driven to look to the proposition to ascertain the ground of error as conceived by the counsel submitting the contention. What ground is specified in the proposition? Simply that "the burden of proof should properly have been fixed by the trial court upon the plaintiff." Is this contention sound? Should the trial court have fixed the burden of proof upon the plaintiff? We submit that no authority in Texas can be found which, when applied to the facts of this case, supports the proposition.

It is the sole province of this court, as decided in the Rutherford case, to review decisions of the Court of Civil Appeals on questions "properly presented to it." It is not the province of this court to entertain and consider new questions attempted to be injected into a case

for the first time in this court. Plaintiff in error propounded its specific objection to the charge complained of. That objection, which operated a waiver of all others, it presented to the Court of Civil Appeals, which ruled adversely to its contention. It now here abandons that contention, concedes that it was erroneous, and undertakes to substitute a dissimilar contention, with reference to which the Court of Civil Appeals has never been afforded an opportunity of considering one way or the other. In other words, our contention is that this writ of error has been granted upon a question not only not raised in the Court of Civil Appeals but expressly abandoned therein, as adjudicated by this court in the Rutherford case.

The charge was not error, because the evidence of the plaintiff himself and his witnesses was not such, standing alone, as to require the submission of the issue of contributory negligence to the jury.

The facts as established by the defendant in error and his witness Farris were not such, standing alone, as to require a charge on the issue of contributory negligence, as was the case in Railway Co. v. Reed, 88 Texas, 439, or in Gulf, C. & S. F. Railway Co. v. Hill, 95 Texas, 629, as decided by this court, and 70 S. W. Rep., 103, as decided by the Court of Civil Appeals for the First District. Upon the contrary, the evidence of the defendant in error and his witness Farris was to the effect that defendant in error, as stated by the Court of Civil Appeals in its opinion herein, "was a stranger to the location and situation of the platform at Purcell, and did not know of the existence of the space between the edge of the platform and the lower steps of the car." This space between the edge of the platform and the lower steps of the car, was shown by photographs, admittedly correct, to be twelve of thirteen inches. As further stated by the Court of Civil Appeals in its opinion herein: "It is shown by the facts that the train was going at a slow rate of speed, and where the appellee alighted there was a depot platform, which he had a right to expect was in a reasonably safe condition, and where the disembarkation was at the request of one whom he had the right to believe would not have given the command unless it was safe for him to alight."

If the charge is error, such error was induced by the counsel for the plaintiff in error who conducted the trial on its behalf, and therefore plaintiff in error can not avail itself of the error. International & G. N. Railway Co. v. Sein, 89 Texas, 63; Belcher v. Missouri, K. & T. Railway Co., 92 Texas, 593; Gresham v. Harcourt, 93 Texas, 149; Missouri, K. & T. Railway Co. v. Eyer, 70 S. W. Rep., 529; Galveston, H. & S. A. Railway Co. v. Jenkins, 69 S. W. Rep., 233; Benjamin v. Shea, 49 N. W. Rep., 989; Denton v. Railway Co., 2 N. W. Rep., 1093; Ritter v. Sieger, 105 Pa. St., 400; Richmond Trac. Co. v. Hildebrand, 34 S. E. Rep., 888; Davis v. Brown, 67 Mo., 313; Holmes v. Braidwood, 82 Mo., 610; Walker v. Owen, 79 Mo., 563; Eastman v. Curtis, 32 Atl. Rep., 232; Campbell v. Ormsby, 22 N. W. Rep., 656; Reilly v. Railway

.Co., 7 S. W. Rep., 407; Slack v. Lyon, 9 Pick., 63; Insurance Co. v. Van Os, 63 Miss., 431; Bigelow on Estoppel, 717; 3 Am. and Eng. Enc. of Law, 243, and cases cited under Note 46.

Now, your honors, the sixth paragraph begins by saying, "If you believe from the evidence that an ordinarily prudent person," etc. This does not mean, if you believe from a part of the evidence; it does not mean, if you believe from the evidence adduced solely by the defendant. It must mean what it says—"If you believe from the evidence;" that is, from all the evidence in the case, whether adduced by the plaintiff or the defendant. Construing the charge as a whole, which under well established principles the jury must do, and in addition to which in this case they were specially instructed to do, it is the same as if that portion of paragraph 8, imposing the burden of proof as to contributory negligence upon the defendant, were read into paragraph 6. If they were combined, and this is what we understand to be meant by the rule that the charge must be construed as a whole, it would read: "The burden of proving that plaintiff was guilty of contributory negligence devolves upon the defendant, but if you believe from the evidence (that is, all the evidence) that an ordinarily prudent person would not have attempted to disembark," etc., then the plaintiff would be guilty of contributory negligence and he would not be entitled to recover.

To assert that so much of the charge as imposed upon the plaintiff in error the burden of proof as to contributory negligence, when read in the light of the sixth paragraph which specially submits the issue, operated to mislead the jury into the belief that, in determining the issue, they would consider only a part of the evidence, is to ascribe to the jury such a low order of intelligence as can not be tolerated. Railway Co. v. Greathouse, 82 Texas, 110; Railway Co. v. Wilson, 79 Texas, 374; Gulf, C. & S. F. Railway Co. v. Shieder, 88 Texas, 152; Lee v. International & G. N. Railway Co., 89 Texas, 583; Chittim v. Martinez, 94 Texas, 141.

The charge, when read and construed as a whole, was not erroneous, in that the sixth paragraph excludes any inference that the jury could have been misled into the belief that in determining the issue they should consider only the evidence adduced by the plaintiff in error.

BROWN, Associate Justice.—On the 30th of March, 1900, Shelton purchased from the agent of the railroad company at Gainesville, Texas, a ticket to Los Angeles, Cal., over that road to Purcell, I. T., thence over the Atchison, Topeka & Santa Fe Railroad by way of Newton, Kan. At Purcell two of the cars belonging to the plaintiff in error were set out of the train, in one of which Shelton was seated. Upon arriving at Purcell, the station was properly announced and the passengers left this car, except Shelton and another man. The switching crew employed by the Atchison, Topeka & Santa Fe Railway Company

took charge of the train upon its arrival and started to take it into the yards for the purpose of dropping out the two cars. Upon discovering Shelton and the other man in the car, one of the crew who had charge of the train told them to get off the train or they would be left. The night was dark and the platform was poorly lighted, and when Shelton stepped off the train he fell and received his injuries. The switching crew that took charge of the train were employed by the Atchison, Topeka & Santa Fe Railway Company to do the work of both companies in the yards at the place of connection, and did perform that work for both companies, being paid by the latter company.

The defendant railroad pleaded contributory negligence on the part of Shelton, and the court, among other things, charged the jury as follows: "The burden of proving that plaintiff was guilty of contributory negligence devolves upon the defendant." The railroad company asked the court to give the following charge: "You are instructed, at the request of the defendant, that while the burden is on the defendant to prove its defense of contributory negligence, that if it appears from the plaintiff's own evidence that in going back to sleep after being awakened and notified that Purcell was the next station, or that in jumping from the moving train in the dark, when he could not see where he was jumping, he did not exercise the care and prudence that a person of ordinary and reasonable care would exercise under like circumstances, you will return a verdict for the defendant."

Judgment was entered against the railroad company, from which it appealed and presented the following assignments of error:

"10. The court erred in charging the jury as follows: 'The burden of proving that plaintiff was guilty of contributory negligence devolves upon the defendant.'

"16. The court erred in refusing to give to the jury defendant's ninth special instruction, which properly instructed the jury with respect to the burden of proof on the question of contributory negligence.

"Proposition.—Plaintiff's own evidence disclosed his contributory negligence, and the burden of proof should properly have been fixed by the trial court upon the plaintiff."

The application for writ of error presented the question in the following form: "The honorable Court of Civil Appeals erred in overruling the tenth and sixteenth assignments of error, which complained of the charge of the trial court, 'burden of proving contributory negligence devolves upon defendant,' and of the refusal to give defendants special charge number 9, because appellee's own testimony tended strongly to show—if it did not completely establish—his contributory negligence as being the proximate cause of the injury; and on this state of the evidence the burden of proof was improperly placed upon the defendant by the trial court, as such charge was calculated to cause the jury to believe that in considering this issue they were not entitled to consider the evidence offered by plaintiff, and herein the Court of Civil

Appeals erred in holding that appellant's charge number 9 was properly refused."

We have stated only such facts as are necessary to understand the questions decided by this court.

A writ of error was granted because this court was of opinion under the facts the trial court erred in charging the jury that the burden of proving contributory negligence on the part of the plaintiff rested upon the railroad company. In this court the proposition is presented that the charge was calculated to lead the jury to consider only the evidence offered by the defendant on the subject of contributory negligence, while in the Court of Civil Appeals the proposition was that the error consisted in misdirecting the jury as to the burden of proof. The defendant in error objects to the consideration of the assignment as here presented, because it was not so assigned and presented to the Court of Civil Appeals.

We are of opinion there is a marked difference in the question presented to the Court of Civil Appeals and that presented to this court. The object in requiring assignments to be made accompanied by propositions of law is to direct the mind of the appellate court to the very point upon which it is claimed the trial court committed the error, and when a party has thus presented his case and specified his objections to the ruling of the trial court, he thereby waives any other objection which might have been presented under that assignment of error. Houston, etc., Railway Co. v. Rutherford, 94 Texas, 518. In the case cited this court said: "As specific objections were made to the instruction in the brief, those not so specified were waived and this court can only review the action of the Court of Civil Appeals upon the point properly presented to it." The Court of Civil Appeals could not have understood that the plaintiff in error was, by the proposition contained in its brief, attempting to raise the same question that is presented in the application. We therefore conclude that we can not review the action of the Court of Civil Appeals under the assignments presented in the application.

It is contended by the plaintiff in error that the persons who had charge of the train at the time Shelton was injured were the servants of the Atchison, Topeka & Santa Fe Railway Company, for whose acts plaintiff in error is not liable. The facts show without dispute that the switching crew which had charge of the train, one member of which gave the direction to the plaintiff to leave the car, were employed by the Atchison, Topeka & Santa Fe Railway Company; that they performed the yard work for both companies at the point of connection at Purcell and were paid by the company which employed them, the plaintiff in error paying to the other company one-half of the cost. There was no evidence of the terms of the contract between the two railroads concerning their joint business at that station. Under this state of facts the men of the switching crew were equally the servants of both com-

panies and the plaintiff in error was liable for their acts to the same extent as if they had been employed by it. Gulf, etc., Railway Co. v. Dorsey, 66 Texas, 148.

We have examined all of the assignments of error presented in the application and find no error which requires a reversal of the judgment. It is therefore ordered, that the judgment of the District Court and of the Court of Civil Appeals be in all things affirmed.

*Affirmed.*