Cecil C. CRAWFORD, Appellant,

v.

**CONTINENTAL PANHANDLE LINES,**
Inc. et al., Appellees.

No. 6451.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 6, 1954.

Culton, Morgan, Britain & White, Amarillo (Joel E. Wright, Jr., Amarillo, of counsel), for appellant.

Simpson, Clayton & Fullingim, and E. T. Miller, Amarillo, for appellees.

PITTS, Chief Justice.

This is one of four personal damage suits tried simultaneously before a jury without any objections being made to the consolidation thereof for trial. All of the said suits arose out of the same three-way motor vehicle collision on a public highway in Potter County, Texas, as more fully set out in detail in another one of the companion cases on appeal to this Court, styled Myers v. Continental Panhandle Lines, Inc., and disposed of on this date by this Court, as reported in 278 S.W.2d 365, immediately preceding this case. For a full statement of the nature of this case, the trial of it, the jury verdict, the motion for a new trial, the results of same and for disposition of most of the assignments of error presented here, the opinion in that case is referred to.

The assignments of error presented in this case are substantially the same as the assignments of error presented in that case concerning the alleged failure of the juror John A. Price to answer correctly certain general questions propounded to the jury panel on voir dire examination before the jury was selected, concerning alleged jury misconduct and concerning alleged improper argument made to the jury by counsel for the Bus Company. The assignments of error presented in the two cases concerning these matters are based upon the same facts developed at the same hearings, the same jury verdict, and the same findings of the trial court upon which similar judgments in effect were rendered. Therefore, the same logical reasoning, the same authorities cited and the same rules of law pronounced in the former Pearl Myers companion case referred to apply equally as well to the similar assignments of error here presented. For these reasons the opinion announced this date in the aforesaid Pearl Myers companion case is referred to for a disposition of the substantially same assignments of error concerning the aforesaid matters presented in this case.

We may also observe that the case of Denny v. Plains Creamery, Inc., previously before this Court and reported in 277 S.W. 2d 755 arose out of this same collision. The opinion of this Court in that case is also referred to for further facts and circumstances as related by some of the same witnesses who testified in these cases consolidated for trial.

In this case, appellant Cecil C. Crawford filed suit on April 28, 1953, against all of the named defendants in the Pearl Myers case, seeking personal damages against all of them severally and jointly for the sum of $135,000 because of alleged injuries he received as a result of the three-way collision while he was a passenger on the bus operated by the Bus Company. After all of the defendants had answered, appellant, on November 30, 1953, sought by a motion filed "to discontinue his suit" against defendant Plains Creamery, Inc., without prejudice as to the other named defendants, and his suit as against ·Plains Creamery,

Inc., was accordingly dismissed. Appellant finally went to trial on its second original amended petition filed December 5, 1953, in which he omitted the name of Plains Creamery, Inc. as a party defendant. However, the Plains Creamery remained in the trial as a party defendant in the other cases consolidated with this case for trial.

The consolidated cases went to trial before the jury on December 8, 1953, and as a result of the jury verdict appellant was awarded damages in the sum of $15,000 as against defendant Dale Johnson only, who through his negligence was found to be the sole proximate cause of the collision in question. No appeal was perfected from this part of the trial court's judgment. But as a result of the jury verdict acquitting the Bus Company of any negligence which proximately caused the alleged injuries, appellant was denied any recovery as against appellee Continental Panhandle Lines, Inc. referred to in the Pearl Myers case as the Bus Company, from which part of the judgment only appellant perfected an appeal.

In our opinion the evidence reasonably supports the jury verdict and the judgment awarding appellant personal damages in the sum of $15,000 as against defendant Dale Johnson only. For reasons stated in the Pearl Myers case, it is our opinion further that the evidence heard on a motion for a new trial supports the trial court's findings and conclusions made in support of its order therein filed denying a new trial and the same findings and conclusions were likewise filed in the record in this case, together with an order denying a new trial. Neither do we believe reversible error was committed by reason of the alleged improper argument to the jury of counsel for the Bus Company for the reasons stated by us in the Pearl Myers case. For these reasons, appellant's points one to eight, both inclusive in this case, are overruled.

In his ninth point, appellant further charges error because the trial court permitted the Creamery to participate adversely in the trial of his case but such a charge

is not well taken. Appellant's interests here as a plaintiff was a common interest to that of each plaintiff in the other cases tried simultaneously with this case without any objections of appellant herein being made. The Creamery was a party defendant in the other cases being tried and had a right to make its defenses in the other cases being there tried. When appellant failed to object or complain about a consolidation of the cases for trial until after they were tried and a result reached, it must be assumed that he by his silence gave consent to the consolidation at the time and he, in any event, by his silence then has waived any right now to complain. Appellant's principal complaints here made are substantially the same as those made by appellants in their first point of error in the Pearl Myers case wherein appellants complained because the trial court refused to permit the introduction as evidence the pleadings of the Bus Company and the Creamery upon which they went to trial in that case. For the reasons there stated and for the additional reason that the Creamery is not a party to this suit, appellant's complaints here made are overruled. At any rate, appellant has not shown any prejudicial error against himself because of the consolidation of the four cases for trial.

In his tenth point of error, appellant charges there was no evidence to support the jury findings to special issues numbers fifteen to nineteen, both inclusive, for which reasons he contends the jury verdict should have been set aside. The said five issues inquire about the several different acts of negligence of the defendant Dale Johnson and whether or not in each instance such negligence, if any, was a proximate cause or the sole proximate cause of the collision. They inquire separately about the speed rate Johnson was operating his car at the time and place of the collision, whether or not he kept a proper lookout, and about three other separate acts of Johnson's negligence in connection with him passing other moving motor vehicles in a three-lane highway at a time when traffic was congested and the Creamery truck was closely approaching him from the opposite direction in the same lane of traffic. Each of the five issues submitted was divided into three separate parts making fifteen separate inquiries made to the jury concerning different alleged acts of negligence and the results thereof. Appellant complains about all of these matters in one single point of error and attempts to brief them all in one and one-half pages of his brief.

Under our present rules of procedure, a point of error is an indispensible part of a brief on appeal. Yet a point or assignment of error is multifarious when it embraces more than one specific point of error or when it attempts in one point to attack several distinct and separate rulings of the trial court. Appellant has sought here to complain briefly in one point in a general way about several distinctly separate matters, thus making his point multifarious and too general to be considered on appeal. Lofland v. Jackson, Tex.Civ.App., 237 S.W. 2d 785; Darling v. Panhandle & Santa Fe Ry. Co., Tex.Civ.App., 209 S.W.2d 660; Hudspeth v. Hudspeth, Tex.Civ.App., 206 S.W.2d 863, and other authorities cited in these cases.

However, it has long been the policy of this court to indulge a liberal construction in favor of the sufficiency of a brief and to give effect thereto if we can determine with some degree of certainty the nature of such complaint. A failure to comply with the rules governing briefing on appeal does not meet with our approval but we are vested with discretion in the matter for which reason we are considering appellant's tenth point.

The record reflects that appellant sued the defendant Dale Johnson jointly and severally with the Bus Company for $135,-000, charging Dale Johnson with eight different acts of negligence which included all of those acts of negligence appellant seeks to attack here. Although Johnson did not attend the trial, he was represented by counsel who announced ready for trial when the case was called. Johnson did attend the trial and testify in the Denny case

previously before this Court as referred to. This Court may take judicial knowledge of the testimony there given in support of the evidence and the jury verdict upon which the judgment here is based. There was an abundance of uncontroverted evidence given in this case, without objections by appellant, to the effect that Dale Johnson operated his motor vehicle in a negligent manner on the occasion in question by driving at an excessive rate of speed under the existing circumstances, that he failed to keep a proper lookout and was guilty of other alleged acts of negligence. In the issues here challenged, the jury found in each of them that Johnson was guilty of negligence which proximately caused the collision that resulted in the injuries sustained. The said issues were submitted to the jury without any objections of appellant or anyone else. In his argument to the jury, appellant's counsel asserted that Johnson was negligent. At any rate, these matters all become immaterial because the jury further found in answer to special issue number 20 that the sole proximate cause of the collision resulted from Johnson's negligence by reason of his car striking the Creamery truck and knocking it into the path of the bus. This issue has not been challenged by appellant or by anyone else and it therefore becomes controlling regardless of other issues. The jury also acquitted the Bus Company of any negligence which proximately caused the collision which resulted in the injuries. As a result of the jury verdict, the trial court awarded the appellant damages as against Dale Johnson only for the sum of $15,000 from which part of the judgment no appeal has been perfected. Certainly appellant may waive his right to recover as against Johnson if he chooses. However, in any event appellant's tenth point must be overruled.

Appellant's points eleven and twelve complain because the trial court refused to submit his special requested issue number 8 concerning the bus schedule fixed by the appellee, the Bus Company, which allegedly required an excessive speed rate in order to observe the schedule and concerning an admission of fact made by the Bus Company in connection therewith. The special requested issue number 8 was properly refused by the trial court since the proposed issue inquired about an evidentiary matter and did not inquire about a controlling fact. Concerning the admission of fact requested by appellant among other admissions asked for, he asked if the bus operator had not been instructed to adhere to the bus schedule. The Bus Company answered that such instructions had been given and the bus operator had been further instructed not to operate his bus faster than he normally did even if he fell behind the schedule and in no event should he violate the speed law in order to keep a bus schedule. We find no error committed by the trial court in these matters. Appellant's points eleven and twelve are therefore overruled.

A careful examination of appellant's points of error and of the record reveal no reversible error committed. Appellant's points are therefore all overruled and the judgment of the trial court is affirmed.