Henry BENRITTO, a Minor, B/N/F, etc., et al., Appellants,

v.

M. D. FRANSEN, Appellee.

No. 12789.

Court of Civil Appeals of Texas.

Galveston.

Jan. 13, 1955.

Howard C. Boyles, Baytown (Blakeley & Williams, and Carey Williams, of Houston, on appeal only), for appellant.

Frank G. Harmon, Wallace B. Clift, Jr., Jean Dalby Clift, Houston and Baker, Botts, Andrews & Shepherd, Houston, of counsel, for appellee.

GRAVES, Justice.

This was an action for personal injuries to an eleven year old boy, who was thirteen years of age when the judgment was entered in this case, on May 20, 1954. The minor plaintiff was represented by his mother as next friend, whom the trial court found was a proper person to represent him in this capacity. He was also represented by two practicing attorneys of the Harris County Bar.

The trial court entered a judgment for the defendant on the basis of the pleadings, evidence, and the jury's verdict, and this appeal is taken by the plaintiff below from the refusal of the trial court to grant him a new trial.

The jury's verdict had been in the form of some thirty-nine special issues-of-fact the trial judge had submitted to it, which constituted a comprehensive cross-examination by the court of the jury upon all of the material issues-of-fact it deemed had been raised by the pleadings and evidence for both sides, and this Court is unable to hold that any one was not raised by the evidence; nor was the verdict thereon lacking in support.

In this Court appellant, the minor, rests his appeal upon a single point-of-error, substantially to this effect:

"The court erred in not confining its definitions of 'negligence', 'proper lookout', and 'proper control', to the issues relating to the conduct of appellee, and in directing and applying such definitions and instructions to the conduct of the minor plaintiff, thus imposing upon the child a greater degree of care than required by law."

The appellee here, defendant below, thus counters appellant's position: (1) "* * * this method of submitting the issue of the minor plaintiff's (alleged) contributory negligence was done by the implied consent of all parties, without any objection from plaintiff's counsel, and thereby became the law of the case;" (2) "* * * the issue of the minor plaintiff's (alleged) contributory negligence was resolved against the plaintiff by the jury in answer to Special Issues Nos. 36 and 37;" and (3) "* * * any issue as to the standard of care to be exercised by the minor plaintiff must be deemed as found by the trial court to support its judgment."

■ It is held that the appellee's answering position, as so quoted, is correct; this for the major reason that out of the thirty-nine comprehensive inquiries probing the whole controversy, as to the quality of the acts of both parties thereto, the court specifically inquired as to the quality of the minor's acts and whether they were negligent as against the appellee, in special issues Nos. 36 and 37, as follows:

"Special Issue No. 36

"Do you find from a preponderance of the evidence that Henry Benritto, on the

occasion in question, failed to exercise that degree of care which would have been exercised by an ordinarily prudent person of the same age and mentality under the same or similar circumstances?

"Answer 'We do' or 'We do not'.

"If you have answered Special Issue No. 36, 'we do' and only in that event, then answer:

"Special Issue No. 37

"Do you find from a preponderance of the evidence that such failure, if any, was a proximate cause of the collision in question?

"Answer 'We do' or 'We do not'."

The jury answered both of these inquiries "We do."

It is further undisputed that appellant's counsel made no objection to the court's charge, and agreed that these two special issues correctly submitted the inquiry raised by the pleadings and the testimony upon the question of the minor's degree of care; indeed, that the minor had further failed to keep his wagon under proper control and without a proper lookout, that he had failed to turn it to the right, had driven it into the street, and had failed to jump out of it before it entered the street, all of which were acts of negligence on his part and a cause of the collision.

Further, that he had been warned by his playmates not to ride the wagon into the street, which he likewise failed to heed, and that his failure to observe that warning had constituted a proximate cause of the collision.

The record further shows that no objection or exception had been taken by appellant's counsel to any of the issues in regard to contributory negligence, nor was any objection or exception ever made to the court's general instructions and definitions on the terms "negligence", "proper lookout" and "proper control."

In the undisputed circumstances stated, it seems clear to this Court that the trial court cannot be held to have erred revers-ibly in not limiting the definitions in its charge, as well as in not submitting different instructions relating to the question of whether or not the appellant had been negligent in the exercise of a proper degree of care. Generally, since the quoted special issues 36 and 37 clearly submitted specifically the inquiry as to whether he had been negligent at all toward the appellee, although there were a number of such inquiries submitted and answered in favor of the appellee in answer to preceding special issues Nos. 17 through 35.

Wherefore, since the standard of care submitted by the court in its charge in the manner detailed above had not been objected to, and since it had been applied to the case, therefore, by the trial court, with the implied consent and acquiescence of both parties, it is held to have become the law of the case and to have been in compliance with the recent holding of the Supreme Court of Texas in Sargent v. Williams, 258 S.W.2d 787.

Wherefore, no reason occurs to this Court for not holding that the decision in the cited Sargent case controls the objection so urged by the appellants to the trial court's action in this case.

Furthermore, Rules 272, 274 and 279, Texas Rules of Civil Procedure, in substance, provide that failure to submit a definition, or explanatory instruction, shall not be deemed a ground of reversal of a judgment, unless a substantially correct definition, or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment before the charge is read to the jury, and that any complaint as to an issue, instruction, definition, or explanatory instruction, which is not presented in writing to the court before the charge is read to the jury, shall be deemed waived. Edwards v. Strong, 147 Tex. 155, 213 S.W.2d 979; Larson v. Ellison, 147 Tex. 465, 217 S.W.2d 420.

Finally, upon this subject, the appellee's brief herein recites that, " * * * the minor's degree of care was submitted by consent of the parties in special issues 36

and 37, and there was no failure by appellant's counsel, who tried the case in the trial court, to 'protect the record by making written objection to this failure on the part of the court, or by tendering proper written instructions and definitions,' * * * because the issue of the minor's negligence was submitted in the manner mentioned above, by implied consent of all parties concerned."

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed, CODY, J., not sitting.