Marie Therese Awapara GOULD, Appellant,

v.

Jorge AWAPARA, Appellee.

No. 14059.

Court of Civil Appeals of Texas.

Houston.

Feb. 28, 1963.

Kenyon Houchins, Houchins & Tasker, Houston, for appellant.

Stein, Bennett & Shepley, and John R. Bennett, Houston, for appellee.

BELL, Chief Justice.

Appellant filed suit in Harris County on February 3, 1961, to recover from appellee money which he owed under a judgment rendered in the State of California on February 5, 1951. The petition sets out the judgment which granted appellant a divorce and provided that appellee should pay appellant for the support of herself and minor child the sum of $100.00 per month. There was a separation agreement between the parties in which appellee agreed to make such payment. This agreement was made a part of the judgment. Appellant alleged that appellee had made payments of only $60.00 per month, and prayed for $4,800.00 together with attorney's fees.

By an amended answer appellee pled a general denial and that the claim was barred by the statutes of limitation of California Section 337 and Subdivision 3 of Section 337.5, and the two, three and four year Statutes of Limitation of Texas.

Appellant filed no exception to appellee's pleading.

On trial to the court without a jury, the court rendered judgment for appellant for $256.50. The court filed findings of fact and conclusions of law. We need only notice those material to the appeal. The court found as follows:

1. The California judgment provided the defendant (appellee) pay plaintiff (appellant) $100.00 per month, beginning February 1, 1951, for the support of herself and minor child.

2. That it is undisputed that appellee paid *at least* $75.00 per month for 1951, 1952 and for the first 8 months of 1953. That appellee paid at least $100.00 for the last 4 months of 1953.

3. That additional sums were paid by appellee for 1951, 1952 and 1953 and appellant failed to produce evidence that appellee had not paid the $100.00 per month as required by the judgment.

4. That appellee paid the $100.00 per month for each of the years 1954, 1955, 1956 and 1958.

5. That there was a deficiency in 1957 of $58.50, in 1959 of $200.00, 1960 of $19.00, and 1961 up to the filing of suit $11.00.

The total deficiency was found to be $256.50.

Under conclusions of law the court concluded appellant had failed to establish deficiencies except for the sum of $256.50. Further the court concluded that this being a suit upon a foreign judgment, Article 5530, Vernon's Ann.Texas Civil Statutes, applied, and that the California five year Statute of Limitation, Section 336 of the California Code, as amended to present Section 337.5, therefore applied, and therefore the deficiencies claimed for 1951 through 1953 were barred by limitation.

The first point of appellant is that the court erred in concluding that any part of her claim was barred by limitation or that the California statute of limitation applied to this case. Under this point by way of statement and argument she contends that limitation is a matter of procedure and the law of Texas applies and that under Article 5530, V.A.T.S., the limitation for suits on foreign judgments is ten years, therefore none of appellant's claim was barred.

■ This provision of Article 5530, prescribing ten years in which suit may be brought on a foreign judgment, is only part of the article. The first part of this article provides that an action on a judgment or decree of any other state of the United States, etc., shall be barred if by the laws of such state, etc., such action would there be barred, or the judgment or decree would be incapable of being otherwise enforced there. The effect of this provision is to make the limitation statute of California applicable to this judgment.

Then, under this point, appellant says that Article 5530 was not pled and the California statutes therefore could not be employed because limitation is an affirmative defense.

■ Had there been no pleading of any limitation, appellant would be correct. However, the statute of limitation applicable is the California statute since Article 5530 makes it so. The California statute was pled, thus giving notice to appellant that appellee was going to rely on limitation. This was a sufficient pleading of limitation. If there was any imperfection it could have been reached by a special exception. The form of pleading the defense, if there was any defect, not having been excepted to, the imperfection was waived. Article 5530 is employed only to show that the California statute, which was pled, is applicable.

Further, under the same point, appellant complains that the court erred in taking judicial notice of the California statute because no motion, as required by Rule 184a, Texas Rules of Civil Procedure, was made asking the court to take judicial notice. That rule does provide in substance that the judge, upon motion, may take judicial notice of the laws of another state. It also provides that sufficient information shall be furnished the judge to enable him to comply with the motion and the adverse party shall be given notice sufficient to enable him to fairly prepare to meet the request.

■ While no formal motion was made to the judge requesting him to take judicial notice of the California statutes, they were pled and appellant was thus given notice of appellee's intention to rely on them. The record shows that trial was on March 14, 1962, and at the conclusion of appellant's case the matter of the applicability of the California law was argued. Then on the same date, after all evidence was in, the California law was discussed and then the case was recessed until March 19 to give the attorneys further time to prepare argument on the law. Appellant thus had full notice of reliance by appellee on the law of California. Too, she does not complain she did not have adequate time in which to prepare. The court's judgment shows he noticed the California law and seems to have been satisfied he was sufficiently informed as to its meaning. Under these facts, there was no reversible error in the court's taking notice of the foreign law. Gard v. Gard, Tex.Civ.App., 244 S.W.2d 884, C.C.A., error dism.

■ In 1951, when the judgment sued on was entered, the statute applicable was Section 336 of the California Code of Civil Procedure. At the time this case was filed it had become Section 337.5. Until 1953 the statute of limitation was five years. In that year it was amended so the limitation period was thereafter ten years. Apparently the parties and the court treated the five year term as applicable instead of the ten year period, because the five year period was applicable when the judgment was rendered. However, no point of error is assigned that the five year instead of the ten year term was used. Such is not fundamental error apparent on the face of the record.

California law, prior to the amendment, held the five year statute to apply and held it barred all installments provided for in a judgment that were due more than five years before attempted execution. See numerous California cases cited and discussed in 79 A.L.R.2d, pp. 1262–1268.

■ The result is the court did not commit reversible error in holding any deficiency for 1951, 1952 and 1953 was barred by limitation. There was no error in the court's finding that for the years of 1954, 1955 and 1956 appellee had paid at least $100.00 each month. The contention of appellant here is that there was no payment to her when the court's decree provided appellee should *pay her* for the support of herself and minor child. The undisputed evidence shows appellee paid at least $100.00 per month for these years by paying for sending the child to a private school. We think the evidence shows this was done with the knowledge and approval of appellant, and this amounted to an agreement by her that such payment would be a satisfaction of the judgment for the years 1954 through 1956.

■ We are of the view, however, that appellant is correct in her contention that the court was in error in allowing certain items for the years 1957 and 1960. Without noticing each item, we think the court correctly gave appellee credit for clothes furnished the child and for doctor's bills paid for her. However, the hereinafter mentioned items should not have been allowed:

1. Continental Airlines, for plane fare for the child to visit him in Houston ....................$170.23

2. Eastern Airlines ....21.07

3. Tours and travel ....179.08
   Total ..........$\overline{370.38}$

The court found that full payment had been made in 1958. This was based on the general testimony of appellee. We do not have any break-down as to items.

The judgment is reformed so as to add to the $256.50 amount of the items enumerated that were erroneously credited to appellee, making a judgment for appellant in the amount of $626.88. Judgment as so reformed is here rendered in favor of appellant, and as so reformed is affirmed.

675

COLEMAN, Justice (concurring).

I concur in the opinion of the Court. Appellant's point of error that the court erred in concluding that any part of her claim was barred by limitation is sufficient to direct the attention of the Court to the fact that the statutes of limitation of the State of California applicable to appellant's cause of action did not bar appellant's claim contrary to the ruling of the trial court. Appellant has briefed this point, and therefore, has neither abandoned nor waived it. However the argument made in her brief has not persuaded us that the action of the trial court in applying a limitation period of five years requires reversal. It appears from the briefs, both of appellant and appellee, that neither party was aware of the fact that the California statute under consideration was amended prior to the filing of this case to enlarge the period of limitation from five years to ten years. It is my feeling that where the attention of the appellate court is directed to an erroneous ruling of the trial court by a point in appellant's brief, the fact that appellant has failed to advance in her argument the particular grounds upon which the point properly could be sustained cannot alter the judgment that this Court is required to enter.

While appellant's point does not point out why the court erred, it did point out with some degree of certainty the nature of the complaint. It is the policy of the appellate courts to indulge a liberal construction in favor of the sufficiency of a point of error. Johnson-Sampson Construction Co. v. W. & W. Waterproofing Co., Tex.Civ.App., 274 S.W.2d 926, err. ref., n. r. e.; Crawford v. Continental Panhandle Lines, Tex.Civ.App., 278 S.W.2d 566; Houston-American Finance Corp. v. Travis, Tex.Civ.App., 343 S.W.2d 323, err. ref., n. r. e.; Old Line Mutual Life Ins. Co. v. Tilger, Tex.Civ. App., 264 S.W.2d 557; Gillette Motor Transport Co. v. Wichita Falls & Southern R. Co., Tex.Civ.App., 170 S.W.2d 629; Rule 431, T.R.C.P.

In this case, however, I would not reverse the judgment entered by the trial court by reason of the failure to properly apply the law of California. Rule 184a, T.R.C.P., provides:

"The judge upon the motion of either party shall take judicial notice of the common law, public statutes, and court decisions of every other state, territory, or jurisdiction of the United States. Any party requesting that judicial notice be taken of such matter shall furnish the judge sufficient information to enable him properly to comply with the request, and shall give each adverse party such notice, if any, as the judge may deem necessary, to enable the adverse party fairly to prepare to meet the request. The rulings of the judge on such matters shall be subject to review. Promulgated by order of June 16, 1943, effective December 31, 1943; amended by order of October 10, 1945, effective February 1, 1946."

As has been pointed out in the opinion of the court, the trial court properly took notice of the Law of California. The rule places on the party requesting that the court take judicial notice of the law of another state the duty to furnish to the court sufficient information to properly comply with the request. It also gives to the opposing party the right to meet the request. This provision should be construed to mean that such party should have the right to contest the propriety of taking judicial notice of the law and also to point out any error in the information presented by the requesting party and to supplement such information to the end that the trial judge is in fact properly informed of the law. The ruling of the trial court on the question of what the law of another state is would be subject to review on appeal by the terms of Rule 184a, supra. Where the opposing party fails to present to the trial judge information indicating that the information presented by the moving party is incorrect or incomplete, he impliedly agrees

that the law has been correctly presented and should not be permitted to question that fact on appeal. King v. Bruce, Tex.Civ. App., 197 S.W.2d 830, Rev. on other grounds 145 Tex. 647, 201 S.W.2d 803, 171 A.L.R. 1328; Reynolds v. McMan Oil & Gas Co., Tex.Com.App., 11 S.W.2d 778, rehearing den. 14 S.W.2d 819; Boatner v. Providence-Washington Ins. Co., Tex.Com. App., 241 S.W. 136; Johnson v. Employers Liability Assur. Corp., 131 Tex. 357, 112 S.W.2d 449; Missouri, K. & T. Ry. Co. of Tex. v. Eyer, 96 Tex. 72, 70 S.W. 529; Gulf, C. & S. F. Ry. Co. v. Shelton, 30 Tex.Civ.App. 72, 69 S.W. 653, aff'd 96 Tex. 301, 72 S.W. 165; Ward v. Wingate, Tex. Civ.App., 280 S.W.2d 938; Benritto v. Fransen, Tex.Civ.App., 274 S.W.2d 758.