### R. D. HALL v. ALEXANDER M. MACKAY.

#### No. 2793.

1.    **Order Reinstating on Payment of Costs.**—An order that the "cause be reinstated on the docket upon the condition of plaintiff paying all costs accrued" operates to tax the plaintiff with the costs and is not conditional upon the prepayment of the costs.

2.    **Same—Case Adhered to.**—Fenn v. Railway, 76 Texas, 380, adhered to.

3.    **Pleading—Exhibit.**—In a suit upon a foreign judgment, if it be properly described in the petition it is not necessary that a copy of the judgment be made an exhibit or copied into the petition.

4.    **Depositions—Practice.**—It being in issue that the defendant sued upon a foreign judgment had not been personally served in the original suit, depositions of the officer who made the return of personal service were taken, and in reply to an interrogatory of plaintiff testified:  "I have known him (defendant) about eighteen years and had very friendly acquaintance with him."  On cross-examination the witness was asked, "What was the personal appearance of the man you served as R. D. Hall? What is the personal appearance of the defendant?"  The witness answered, "His personal appearance was a man of medium height, dark complexion, and long dark whiskers."  The defendant moved to suppress the deposition because no answer was made to the question, "What is the personal appearance of the defendant?"  It appearing that the defendant was examined in his own behalf before the jury, *held*, that the motion to suppress the deposition was properly overruled.

5.    **Foreign Judgment.**—If the court had jurisdiction over the person of the defendant the judgment imports absolute verity and precludes all further examination, whether as to the form and manner of the service or of the rate of interest allowed in such judgment.

APPEAL from Wichita.    Tried below before Hon. P. M. Stine.
The opinion states the case.

*L. T. Miller*, for appellant.— 1.  Where a record is sued on it is a cause of action and should be made part of the petition by attaching a copy as an exhibit.    Rule 19 for Dist. Cts.    In every case reported in Texas Re-

ports where a foreign judgment is sued on a copy of the judgment and proceedings is filed as part of the petition.

2.   If the plaintiff dismiss his suit by nolle prosequi and judgment is entered accordingly and for costs against him, and at the same term of court he files a motion to set aside that judgment and reinstate his suit and the motion is granted, the order of the court granting the motion must be unconditional and must operate at the term at which it is made; or if the motion is granted upon conditions they must be performed so that the order granting the motion shall operate before the expiration of the term.   Secrest v. Best, 6 Texas, 199; Eddleman v. McGlathery, 74 Texas, 280.

3.   If the District Court had power on motion presented at its October Term, 1888, to make an order that the judgment of nolle prosequi and for costs be set aside when the costs were paid, and this order could operate beyond the expiration of the October Term, 1888, still the judgment would remain in force until said costs were paid.   And if the payment was not made to a person authorized to receive it, or was not made in lawful money, the condition upon which the judgment was to be set aside would not be complied with and the judgment would remain in full force. Rev. Stats., ch. 2, pp. 180, 181; McAlpin v. Cassidy, 17 Texas, 449–461; Gwin v. Breedlove, 2 How., 29, 244; McFarland v. Gwin, 3 How., 717; Prather v. State Bank, 3 Ind., 355, 357, 358; Armsworth v. Scotten, 29 Ind., 491.

4.   The court below erred in overruling defendant's motion to suppress the deposition of R. Minton because said witness refused to answer the cross-interrogatory, " What is the personal appearance of the defendant?" Norwood v. Cobb, 24 Texas, 551; Railway v. Shirley, 54 Texas, 125; Purnell v. Gandy, 46 Texas, 198; Chunn v. Gray, 51 Texas, 112.

5.   In the absence of allegations in the petition of the laws, customs, or procedure in the courts of the State where the judgment was rendered requiring a different construction to be given to it, a judgment of another State must be interpreted and held to have the same legal effect as if it had been rendered by our own courts.   A judgment rendered in a Texas court upon a citation requiring the defendant to answer in twenty days after service, and a copy of the citation not delivered in person to the defendant, would be a nullity.   Rev. Stats., arts. 1215, 1219, 1228, 1245; Spann v. Crummerford, 20 Texas, 216; Porcheler v. Bronson, 50 Texas, 555; Crafts v. Clark, 31 Iowa, 77; Easley v. McClinton, 33 Texas, 288; Freem. on Judg., sec. 571.

*Ashby S. James*, for appellee.

HENRY, ASSOCIATE JUSTICE.—This suit was commenced by appellee

to recover upon a judgment rendered in his favor and against defendant, by the Court of Common Pleas of Jefferson County, Kentucky.

At the October Term, 1888, an order was entered at the instance of plaintiff dismissing the cause.

At the same term of the court an order was made that "said cause be reinstated on the docket upon the condition of plaintiff paying all costs accrued in said cause."

Afterwards judgment for the amount of his demand was rendered in favor of plaintiff.

The judgment upon which the suit was brought was properly described in the petition, and the court did not err in overruling an exception to the petition taken on the ground that no copy of the record was attached as an exhibit to it.

Appellant contends that the order reinstating the cause was conditioned upon the payment of the costs at the term at which the order was made, and that because the costs were not so paid a motion made by him at the ensuing term to strike the cause from the docket ought to have prevailed. The order did not direct when the costs were to be paid, and it amounted to no more than to tax the plaintiff with the payment of the costs. It reinstated the cause for all purposes. Fenn v. Railway, 76 Texas, 380.

The defendant contended that he was not served with notice of the Kentucky suit, and that the court rendering the judgment never acquired jurisdiction over him.

The plaintiff introduced a duly certified copy of the record showing proper service.

Upon that issue and that of the identity of the person summoned in that suit with the defendant in the one on trial, the plaintiff introduced the deposition of the officer who executed the process. The witness in reply to interrogatories propounded by plaintiff testified: "I have known him (meaning defendant) about eighteen years, and had very friendly acquaintance with him."

In a cross-interrogatory embracing a large number of questions the following questions to said witness were included: "What was the personal appearance of the man you served as R. D. Hall? What is the personal appearance of the defendant?"

The witness answered: "His personal appearance (referring to the man he served) was a man of medium height, dark complexion, and long dark whiskers."

The defendant moved to suppress the deposition because no answer was made to the question, "What is the personal appearance of the defendant?"

The defendant was before the jury in person and testified. The witness described the person he served in the Kentucky suit as the defendant in the suit, and doubtless intended the description given of the person served

by him as a description of the defendant in this suit. We so understand it, and think it was unnecessary for the witness to repeat the description.

If the defendant's description did not compare with that given of the man served, he had, as he was in the presence of the jury, the advantage of it as fully as he could have had had the witness undertaken to give a full description of him.

It is complained that the court erred in admitting in evidence the certified copy of the record in the Kentucky court because plaintiff's petition in this cause contained no allegation "that the process in the Kentucky suit was in the form and the service in accordance with the laws of the State of Kentucky."

The court heard evidence upon the issue as to whether or not the Kentucky court had jurisdiction, and the issue was determined in favor of the jurisdiction.

In the case of Norwood v. Cobb, 24 Texas, 555, it was said by this court, speaking of the judgment of a sister State, "If the court had jurisdiction over the person of the defendant the judgment imports absolute verity and precludes all further examination."

It is also insisted that the court erred in allowing plaintiff 6 per cent interest on his judgment, there having been no evidence offered that any interest on judgments is allowed by the laws of Kentucky.

The judgment sued upon expressed upon its face that it bore interest at the rate of 6 per cent per annum.

We think that the question of jurisdiction being in favor of the judgment, it settles these questions against the contention of appellant when the mandate of the Constitution of the United States that "Full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State" is observed.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered October 24, 1890.