## HECHT et al. v. ALTON.
### No. 9048.

Court of Civil Appeals of Texas. San Antonio.

April 19, 1933.

Jesse G. Foster and A. B. Crane, both of Raymondville, for appellants.

R. F. Robinson, S. L. Gill, O. N. McNeil, and Jno. W. Hill, all of Raymondville, for appellee.

MURRAY, Justice.

Eugene Alton, appellee herein, sued W. G. Hecht, appellant, upon a judgment rendered in the district court of Martin county, Minn. Appellant answered, setting up in substance the following: (1) That the Minnesota court was without jurisdiction to render judgment because of false issues and want of parties; (2) that fraud was committed in the Minnesota court; (3) that the judgment was obtained on perjured testimony; (4) that there was a joint venture and a cross-action.

█ The trial court sustained exceptions and struck out the·entire answer. In this action the trial court committed no error.

Article 4, § 1, of the Constitution of the United States, provides, in effect, that full faith and credit shall be given in each state to the judicial proceedings of every other state. Under this provision of our Federal Constitution none of the defenses set up by appellant was available to him, and the trial court properly struck out his answer. Fauntleroy v. Lum, 210 U. S. 230, 28 S. Ct. 641, 52 L. Ed. 1039; Bray v. Union Natl. Bank (Tex. Civ. App.) 194 S. W. 1165; U. S. Const. art. 4, § 1; Hall v. Mackay, 78 Tex. 248, 14 S. W. 615; American Express Co. v. North Fort Worth Undertaking Co. (Tex. Civ. App.) 179 S. W. 908.

█ The appellant Tom Coleman intervened in the suit, praying "that· the court declare the judgment a nullity and that the court further declare that the claim sued upon by the plaintiff in this suit to be the property of the intervener, and that he have judgment for the proceeds of any claim should there ever be .one, or should it prove to be of any value." The trial ·court properly dismissed this plea of intervention.

The judgment is affirmed.