GARD v. GARD.

No. 4784.

Court of Civil Appeals of Texas. El Paso.

Nov. 14, 1951.

885

SUTTON, Justice.

This is our second consideration of this case. The nature of the case is stated in our former opinion, 239 S.W.2d 410, and that of the Supreme Court, 241 S.W.2d 618, 619. On our initial consideration of it we concluded an award for the support and education of minor children is one for their benefit, and that the parent or other person designated to receive the award and use it for the benefit of the minors has no proprietary rights in the amounts ordered to be paid for the support of the children, and since the wife in this case brought the suit in her individual capacity and recovered in the same manner such amounts were not the measure of her damages, but the amounts she expended or otherwise supplied for necessities which the husband failed to supply, and that she could only recover on the foreign judgment in her representative capacity. The Supreme Court did not agree with these conclusions and held the matured payments "became the property of petitioner (the plaintiff wife), and respondent cannot be heard to say that she has no cause of action therefor or that she is required to prove in our courts what she actually and reasonably expended for support and maintenance of the two children before the youngest reached 18 years of age," and remanded the case to this court for a disposition of other points.

It seems to us the decision of the Supreme Court is decisive of the case and the other points are largely, if not wholly, immaterial and of little moment. One complaint is the trial court erred in not disposing of the special exceptions when presented and waiting until the conclusion of the evidence to overrule them. This was a proper exercise of discretion in the trial to the court. Keith v. Allen, Tex.Civ. App., 153 S.W.2d 636. One exception was the copy of the judgment was not properly authenticated and, therefore, could not form the basis of a cause of action. This was a matter of pleading and not of evidence. It was only essential that the judgment be described sufficiently to identify its terms in the petition, which the petition did, and it was immaterial that the copy of the

Alfred E. Creigh, Jr., Alpine, for appellant.

Mae M. Ament, Alpine, for appellee.

judgment attached to the petition was not authenticated. Hall v. McKay, 78 Tex. 248, 14 S.W. 615; 50 C.J.S., Judgments, § 880, page 456. The other exceptions presented matters of defense, limitation; there is no allegation that it was valid and subsisting and not dormant; and that it is not a final judgment but still subject to the control of the court in which it was rendered.

Complaint is also made the court erred in not sustaining and acting upon a motion to strike the first supplemental petition filed by the plaintiff, the only action thereon being found in the judgment of the court. The court recites in his judgment the motion was denied and that is a sufficient action thereon.

Another point is the court erred in not sustaining defendant's objections to the introduction in evidence of the authenticated judgment of the District Court of Idaho to the effect the judgment does not import a final judgment and shows no action by way of enforcement and does not recite the day of July, 1936, when it was entered. The finality of the judgment has been determined. The judgment in the beginning recites the case came on for trial on the ——— day of July 1936, and this omission of the day seems to be the objection made to it. But the judgment recites at the conclusion: "Done in open Court this 7th day of July, 1936", and is a sufficient recitation of the date of rendition and entry.

It is not necessary to show any action by way of enforcement of the foreign judgment. The judgment, having been properly introduced and received in evidence made a prima facie case and entitled the plaintiff to recover, and it is presumed to be in full force and unsatisfied until the contrary is made to appear. Houston v. Dunn, 13 Tex. 476; Ryan v. City National Bank & Trust Co., Tex.Civ. App., 186 S.W.2d 747; 50 C.J.S., Judgments, § 884, page 462.

Complaint is made the court erred in receiving in evidence a certificate of the Clerk of the District Court of Idaho to the effect the judgment is a valid and final judgment, that has not been reversed, vacated or annulled. We think the objection to such certificate was good and the certificate not evidence of the facts recited. It is clearly no part of the record in the case but a mere statement of the Clerk. The trial was to the court, and it will be presumed the court did not consider inadmissible evidence and the admission was harmless.

In an effort to prove the statutes of limitation of the State of Idaho, the tolling thereof by absence of the defendant from the State, and the construction of such statutes by the Supreme Court of Idaho plaintiff introduced the deposition of an Idaho attorney and called for certain articles of the statute and copies from the Pacific Reporter of the decisions of the Supreme Court to be attached as exhibits. These are all made the subject of various points of error.

As we have already noted the introduction and receipt in evidence of the duly authenticated copy of the judgment made a prima facie case and entitled the plaintiff to recover and plaintiff might have rested there. Limitation is a defense which may be urged or waived. The mere fact plaintiff went further and made an unnecessary and unsuccessful attempt, if such be true, to remove a possible or probable defense did not constitute error since no prejudice or harm resulted therefrom. Provision is made, Art. 3718, Vernon's Ann.Civ.St., for proving the laws of another State, and for judicial notice to be taken thereof. Rule 184a, Rules of Civil Procedure. The court received the evidence qualified by the statement it was received on the theory the objections were probably good but he would later determine if he should or should not give consideration to it. If the evidence were inadmissible then it will be presumed the court did not consider it. While the admissibility of the evidence was being argued to the court plaintiff, on suggestion of the court, dictated a motion to take judicial notice of the laws and decisions of Idaho. A general objection was made to the introduction of the laws and to the filing of the motion at that time, but not on the ground he was surprised or prejudiced thereby. He could

not well be, because the interrogatories with the answers and exhibits attached had been on file for more than two years. Rule 184a does not make mandatory the giving of notice of the filing of the motion, but merely provides the movant "shall give each adverse party such notice, if any, as the judge may deem necessary, to enable the adverse party fairly to prepare to meet the request". Ordinarily it is thought the court should require reasonable notice to be given of the request to take judicial notice under the Rule, supra, but under the presentation here we think no error has been committed or injury done.

It is our conclusion no harmful error has been demonstrated and each of the points of error is overruled and the judgment of the trial court is affirmed.