71 So.2d 251 (1954)
JOHNSON
v.
STUDSTILL.
Supreme Court of Florida. En Banc.
March 23, 1954.
R.C. Horne, Madison, and H.B. Edwards, Valdosta, Ga., for appellant.
Meginnis, Thompson & Morrison, Tallahassee, and Davis, Davis & McClure, Madison, and Leonard Pepper, of Turnbull & Pepper, Tallahassee, for appellee.
BARNS, Justice.
This cause came on before the trial court to be heard upon a motion by defendant, Howard Studstill, for summary judgment in his favor. Studstill was a co-defendant with Carl Townsend. The motion was granted and the plaintiff-appellant appeals from this judgment of dismissal in favor of defendant, Studstill. In this we find error.

Facts.
The suit is one at law sounding in tort growing out of an automobile accident. Some of the affidavits tend to show that the automobile at one time owned by Studstill had been sold to Townsend while a counter-affidavit and a letter from the Motor Vehicle Commissioner tend to show that the title to a motor vehicle involved in the accident was owned by Studstill.

*252 Conclusion.
Common Law Rule 43(c), 30 F.S.A. like Federal Rule 56(c), 28 U.S.C.A., provides that, in event of a motion for a summary judgment "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
Judge Fahy, speaking for the Court of Appeals for the District of Columbia in Dewey v. Clark, 1950, 86 U.S.App. D.C. 137, 180 F.2d 766 at page 772, summarizes the points to be considered in ruling on a motion for summary judgment, as follows:
"(1) Factual issues are not to be tried or resolved by summary judgment procedure; only the existence of a genuine and material factual issue is to be determined. Once it is determined that there is such an issue summary judgment may not be granted; (2) In making this determination doubts (of course the doubts are not fanciful) are to be resolved against the granting of summary judgment; (3) There may be no genuine issue even though there is a formal issue. Neither a purely formal denial nor, in every case, general allegations, defeat summary judgment. On this point the cases decided by this court must rest on their own facts rather than upon a rigid rule that an assertion and a denial always preclude the granting of summary judgment. Those cases stand for the proposition that formalism is not a substitute for the necessity of a real or genuine issue. Whether the situation falls into the category of formalism or genuineness cannot be decided in the abstract; (4) If conflict appears as to a material fact the summary procedure does not apply unless the evidence on one or the other hand is too incredible to be accepted by reasonable minds or is without legal probative force even if true; (5) To support summary judgment the situation must justify a directed verdict insofar as the facts are concerned."
Applying the foregoing standards, the judgment appealed is reversed.
TERRELL, Acting Chief Justice, and THOMAS, SEBRING, HOBSON, MATHEWS and DREW, JJ., concur.