**Eileen Ann McKANNA, Appellant,**

**v.**

**Joe EDGAR, Jr., Appellee.**

**No. 11207.**

Court of Civil Appeals of Texas.

Austin.

June 17, 1964.

Rehearing Denied July 15, 1964.

Dan Moody, Jr., John E. Clark, Austin, for appellant.

Thomas E. Higgins, Austin, for appellee.

PHILLIPS, Justice.

This case reaches us by Petition for Writ of Error filed by Eileen Ann McKanna against Joe Edgar, Jr. seeking to set aside a default judgment against Petitioner. Arts. 2249, 2249a and 2255, Vernon's Ann. Civ.St.

Since petitioner's mode of review is by way of Writ of Error constituting a direct attack upon the default judgment against her, the decisive question presented is whether there is error apparent on the face of the record which would vitiate the Trial Court's order. Texaco, Inc. v. McEwen, Tex.Civ.App., 356 S.W.2d 809, error refused, n. r. e.

The plaintiff below, Edgar, filed a petition in the Trial Court alleging that the defendant, McKanna, resided in Orange County, California, had executed a note for $9,650 payable to the plaintiff in Austin, Texas, that the note was due and unpaid. The note had the usual provisions for interest and attorney's fees and the plaintiff prayed that the court grant him judgment for the face value of note plus interest, attorney's fees and costs.

The suit was filed in the District Court of Travis County, Texas in May of 1962.

In August of 1963, plaintiff had citation issue "To Eileen Ann McKanna, by serving Crawford C. Martin, Secretary of the State" and had the Secretary of State served, pursuant to the provisions of Article 2031b, V.C.S. A copy of the petition was mailed to the defendant by the Secretary of State of Texas by certified mail, and the return receipt indicates that same was delivered to her in California on August 17, 1963.

On September 9, 1963, plaintiff took a default judgment against defendant for the full amount of the note, plus interest, attorney's fees and costs. Defendant had not filed an answer and did not appear at or participate in any way in the proceedings had on September 9.

The first appearance of any sort entered by defendant in the District Court of Travis County was on November 21, 1963, at which time she filed her Petition for Writ of Error as an appeal from the judgment of September 9, 1963.

Defendant below and appellant here is before us on four points of error. In her

first two points appellant contends that the judgment must be vacated and set aside because the record fails to show that jurisdiction of the person of appellant has been obtained; that the judgment must be vacated and set aside because the record fails to show the existence of the conditions which, under the statute (Art. 2031b, V.C.S.), would permit service on appellant by serving the Secretary of State.

Appellant's point of error number three is that the judgment must be vacated and set aside because the record reflects that the judgment was entered without jurisdiction of the person of the appellant having been obtained, and the entry of such judgment therefore denies appellant due process of law. Point of error number four attacks the constitutionality of Art. 2031b under the facts and circumstances of the case before us.

In the past, the authority of every Court was restricted to the territorial limits of the State in which it is established. Further, that its process could not run into another State and require a person domiciled there to answer to proceedings entirely *in personam*. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Hicks v. Sias, Tex.Civ.App., 102 S.W.2d 460, error refused.

Certain exceptions allowing substitute service have evolved from the general rules announced above and Art. 2031b is such an exception. While Art. 2031b applies to corporations, partnerships, joint stock companies and associations it also applies to natural persons who are nonresidents, such as appellant.

Art. 2031b applies to nonresident natural persons in four categories. The following three sections apply to natural persons and allow service through the Secretary of State as prescribed: Sec. 1 where the person is required by any statute of this State to designate or maintain one or more resident agents (or such person subject to Sec. 3 of this Act has not appointed or maintained a designated agent) and two unsuccessful attempts have been made on different days to serve same. Sec. 3 [1] where the natural person engages in business in this State irrespective of any statute or law requiring an agent for service and does not maintain a regular place of business or designated agent upon whom service may be had. Section 6 where the natural person becomes a nonresident of Texas after a cause of action shall arise in this State but prior to the time the cause of action is mature by suit in a court of competent jurisdiction in this State when such person is not required to appoint a service agent in this State.

Section 2 of the act does not provide for service on the Secretary of State but states that when a natural person not required by any statute to designate or maintain an agent shall engage in business in this State, service may be had on whomever is in charge of the business in this State, provided that a copy of such process together with notice of such service upon such person in charge be sent to the defendant or to the defendant's principal place of business.

[1]. "Sec. 3. Any foreign corporation association, joint stock company, partnership, or non-resident natural person that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation, joint stock company, association, partnership, or non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceedings arising out of such business done in this State, wherein such corporation, joint stock company, association, partnership, or non-resident natural person is a party or is to be made a party." Art. 2031b, V.C.S.

■ We hold that the pleadings in the case, the citation and return are sufficient to invoke the court's jurisdiction over the appellant and we affirm the judgment of the Trial Court.

Section 3 of the act makes the Secretary of State agent for service in causes of action arising out of business in this State "irrespective of any Statute or law respecting designation or maintenance of resident agents." This section proceeds to state negatively, "and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State. * * *"

■ Giving full effect to this negative language, it is our opinion that a legitimate inference might be drawn from the petition that appellee did not maintain a place of regular business in Texas or a designated agent for service. Kelley v. First National Bank of Fort Worth, Tex.Civ.App., 270 S.W.2d 644.

There is no allegation in the petition that the appellant maintained a place of regular business in Texas. It is not alleged that such note was executed in Texas. Even so, it would hardly require the maintenance of a place of regular business to execute a single note. The very nature of the business transacted by appellant excludes the inference that she maintained a place of regular business in Texas or that she was engaged in any regular business and a contrary inference is compelled.

There is no pleading that appellant had designated an agent for service in Texas and no facts are alleged under which she was required, legally, to have designated such an agent.

We have carefully reviewed all statutes and all relevant rules of Civil Procedure and we can find no authority for a nonresident who has done business in Texas by executing a note payable in Texas to designate an agent in this State for service of process.

■ There is, of course, no lawful prohibition against one's appointing a person to receive or accept service of process, Coffee v. Silvan, 15 Tex. 354; however, knowledge of such designation cannot be imputed to others. We hold that the negative requirements of Sec. 3 quoted above have reference only to agents who may be or are required to be designated by statute or rules of Court.

The citation in this case was directed to appellant "by serving Crawford C. Martin, Secretary of State" and the return showed service by serving Senator Martin, "as agent for service."

■ The rule in Texas is that a citation return showing service on a defendant by serving his agent is sufficient, without proof of such agency, to warrant a default judgment against a nonanswering defendant, Employers' Reinsurance Corporation v. Brock, Tex.Civ.App., 74 S.W.2d 435, writ dismissed, and authorities therein discussed. The rule is stated to be: "if judgment by default has been taken against a corporation, it can, either by motion or original suit, have the judgment set aside by proving that the person cited was not its agent or officer authorized by law upon whom service can be had. * * *"

Mr. E. Wayne Thode[2] in a very comprehensive article on In Personam Jurisdiction, 42 Tex.Law Rev., p. 279, states that where a plaintiff has filed his petition and has attempted to obtain jurisdiction over the defendant or his property pursuant to one of the Texas jurisdictional statutes, "* * * There is no pleading burden on the plaintiff to allege jurisdictional facts, as such, * * *"

■■ Mr. Thode discusses the new rule of Civil Procedure 120a which permits a

**2.** Professor of Law, University of Texas.

special appearance for the express purpose of questioning the jurisdiction of the court over the person of the defendant. If for some reason not apparent from the pleadings, citation and return, appellant sought to contest the jurisdiction of the court over her person, she had the burden of doing so and could have done so under the above quoted rule without making a general appearance. It has long been the rule in Texas that, in the absence of specific statute, the party pleading in abatement has the burden of proof. Robertson v. Ephraim, 18 Tex. 118, 119. (1850).

We hold that the affirmative provisions of Sec. 3 of the Act apply to the manner in which service was obtained on the defendant below and that the service had by the plaintiff below sufficiently complies therewith in all material respects.

Appellant's points one and two are overruled.

Section 4, of Article 2031b is as follows:

"For the purpose of this Act, and without including other acts that may constitute doing business, any foreign corporation, joint stock company, association, partnership, or non-resident natural person shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State, or the committing of any tort in whole or in part in this State."

■ We have no hesitancy in holding that the execution of the note in question payable in Texas brings the appellant under the above quoted provision as "doing business" in Texas. Whether appellant has been accorded due process under the Federal Constitution we cite the rule announced by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) wherein the Court held that a state could obtain in personam jurisdiction over a non-

resident defendant corporation doing interstate business if:

(1) proper notice was given to the nonresident defendant so that this aspect of due process under the fourteenth amendment was met, and if,

(2) the nonresident defendant's activities within the state gave rise to the suit and met the following test.

"* * * due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

In McGee v. International Life Ins. Co., 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223, the Supreme Court of the United States was presented a situation where a judgment in personam based on out-of-state notice was rendered against a defaulting Texas corporation by a California court. The California judgment was sued on in Texas, and the Texas courts denied full faith and credit to the judgment because of a lack of jurisdiction over the defendant. The court using the "minimum contacts" test of International Shoe, reversed the Texas courts and enforced the judgment. Here the contacts were few. Defendant mailed an unsolicited reinsurance agreement to the insured in California for his acceptance, and after acceptance sent premium notices to the insured in California, and received premium payments at defendant's Texas office. The continuing expansion of the potential jurisdiction of each state over nonresidents was explained in the following language:

"Looking back over this long history of litigation a trend is clearly discernible toward expanding the permissible scope of state jurisdiction *over foreign corporations and other nonresidents.* In part this is attributable to the fundamental transformation of our national

**894**

economy over the years. Today many commercial transactions touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity." Italics ours.

In Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the Supreme Court of the United States denied a Florida resident in personam jurisdiction over a corporate Delaware trustee. Here, the trustee's contacts with Florida consisted of correspondence which primarily involved remitting trust income to the donor who had moved to Florida after setting up the trust, and in making changes in instruments at the request of the donor in Florida. The Supreme Court held that there were not sufficient contacts for the Florida court to obtain jurisdiction over the nonresident trustee by out-of-state service. The court stated that unilateral activity of those who claim some relationship with a nonresident cannot satisfy the requirement of contact with the forum state:

"The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. * * *"

We hold that the appellant by signing the note payable in Austin, Texas purposefully availed herself of making the place of payment in the forum state, thus invoking the benefits and protection of its laws. We overrule appellant's third and fourth points.

Appellant complains that the process was sent by certified mail and not by registered mail as required by the statute. We overrule this contention as an immaterial deviation not invalidating the service.

The judgment of the Trial Court is affirmed.

Affirmed.