Lloyd W. ROBERTS et ux., Appellants,

v.

C. F. HODGES, Appellee.

No. 7596.

Court of Civil Appeals of Texas.

Amarillo.

March 21, 1966.

Rehearing Denied April 18, 1966.

Linn & Helms, Spearman, Richard N. Countiss, Spearman, of counsel, for appellants.

Lemon, Close & Atkinson, Perryton, for appellee.

DENTON, Chief Justice.

This is an appeal from a judgment rendered in favor of C. F. Hodges, appellee against appellants, Lloyd W. Roberts and wife, Rose M. Roberts, by the District Court of Hansford County, Texas, in appellee's suit on an Oklahoma judgment. The Texas court, without a jury, rendered judgment for appellee on the Oklahoma judgment and appellants have timely perfected this appeal.

On June 26, 1959, appellants executed a renewal note in Guymon, Oklahoma, in the principal sum of $2667.14, payable to the order of appellee at the First National Bank of Texhoma, Oklahoma on November 1, 1959. The note was not paid and appellee instituted suit against appellants in the district court in Texas County, Oklahoma on May 11, 1962. On December 19, 1963 appellee filed an amended petition requesting out-of-state service be had on appellants in accordance with certain named Oklahoma statutes The district judge issued such order and appellants were served with citation on December 21, 1963 in Hansford County, Texas by a deputy sheriff of that county. On August 24, 1964 the Oklahoma district court rendered a default judgment against appellants on the note, interest, and attorneys' fees. The instant suit was subsequently filed in the district court of Hansford County, Texas. Appellee's proof included authenticated copies of the Oklahoma court's default judgment and a citation and return showing personal service upon appellants in Hansford County, Texas. The Oklahoma judgment recited appellants: "were duly served with summons hereof, outside this state under the provisions of 12 O.S.Supp.1963, Section 187, more than twenty days prior to this date and has failed to answer or otherwise plead herein and is in default". The trial court here found, among other things, service of process upon appellants was in full compli-

ance with the Oklahoma statute covering service upon the non-resident defendants and that no amount of the Oklahoma judgment had been paid.

The general rule is that in order that a judgment of another state may come within the full faith and credit clause of the Constitution of the United States, it must be a final, valid, subsisting judgment not vacated or set aside in the state of rendition; and it must be conclusive on the merits. 34 Tex.Jur.2d 384, Section 368, and cases cited therein. The Oklahoma judgment appears on its face to be a valid, final and subsisting judgment rendered by a court of general jurisdiction. The introduction of an authenticated copy of that judgment made a prima facie case for appellee unless it was successfully attacked or shown the court lacked jurisdiction. Garman v. Reynolds (Tex.Civ.App.) 284 S.W.2d 262, (Err. Ref.). Ryan v. City National Bank and Trust Company of Oklahoma City, Oklahoma (Tex.Civ.App.) 186 S.W.2d 747. Gard v. Gard (Tex.Civ.App.) 244 S.W.2d 884. Appellants then had the burden to establish that the judgment was not valid or subsisting or that the court did not have jurisdiction to render the judgment. Mendlovitz v. Samuels Shoe Company (Tex.Civ.App.) 5 S.W.2d 559. Garman v. Reynolds, supra. The presumption of validity may be overcome by a showing of lack of proper service or appearance. Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577.

Appellee's pleadings alleged his cause of action on the promissory note was on a contract executed in the State of Oklahoma and on its face it was to be performed in that state; and that it was a class of case under which personal service of summons may be obtained out of state against non-residents under a cited Oklahoma statute. As previously stated, the judgment recited appellants "were duly served with summons herein outside this state under the provisions of 12 O.S.Supp. 1963, Section 187 more than twenty days prior to this date and has failed to answer or otherwise plead herein and is in default". The statute itself was not introduced into evidence. Appellants contend the Oklahoma statute relative to service must be plead and proved, and in the absence of such pleadings and proof to the contrary the Oklahoma law must be presumed to be identical to the law of Texas. This contention has been rejected. The Waco Court of Civil Appeals in Dowden v. Fischer (Tex.Civ.App.) 338 S.W.2d 534, decided this question contrary to appellants' contention here. The court held:

> "The presumed validity of a sister state judgment cannot be overthrown by a presumption. 'The burden of undermining the verity which the Nevada decrees import rests heavily upon the assailant.' Williams v. State of North Carolina, supra (325 U.S. 226, 65 S.Ct. 1097). If effect were to be given to the rule contended for, every sister state judgment would be vulnerable to a mere showing that the notice or service differed from that required by Texas law."

In Liddel v. Blevins (Tex.Civ.App.) 244 S.W.2d 335 (Ref. N.R.E.) the court rejected the same contention advanced by appellants and quoted with approval from Texas Law of Evidence, page 102, McCormick & Ray:

> "All acts are presumed to have been rightly done until the contrary appears. This includes every judgment and order entered at any stage of the proceeding. Thus, it is said that every reasonable presumption will be indulged to sustain a judgment and nothing will be presumed against it. All prior requisites to the rendition of a judgment will be presumed to have been fulfilled and the recitals in a judgment or order will be presumed to state the truth."

In McKanna v. Edgar, 388 S.W.2d 927, the Supreme Court, in discussing an attack

upon service of process to support a default judgment of a sister state used the following language:

"While ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a default judgment."

Here appellants present a collateral attack as distinguished from a direct attack.

■ Appellee proved a prima facie case by introducing the authenticated copy of the Oklahoma judgment and service of citation upon appellants. Based upon the authorities cited and this record, the presumption of validity of the Oklahoma judgment has been met until the contrary has been established by probative evidence. Appellants have failed to discharge this burden.

■ Appellants say the trial court erred in admitting into evidence the documents of the Oklahoma proceeding in that the provisions of Article 3731a, Section 3, Vernon's Annotated Civil Statutes were not complied with. That section reads as follows:

"Such writing (official written instruments, certificates, records, returns and reports; and foreign laws) shall be admissable only if the party offering it has delivered a copy thereof, or so much of it as may relate to the controversy, to the adverse party a reasonable time before trial, unless in the opinion of the trial court the adverse party has not been unfairly surprised by the failure to deliver such copy."

The complete answer to this contention is that appellant, Lloyd W. Roberts admitted he had seen a copy of the Oklahoma judgment and that he had a copy of such judgment in his files at his home.

■ Another contention is made that there was error in applying the Oklahoma non-resident service statute retroactively. The record does not show when the statute in question became effective. However, the pleadings and judgment indicate the statute was passed by the 1963 legislature. Assuming the Oklahoma statute became law after appellee's cause of action arose the question is whether appellants right so affected was substantive or remedial. Whether or not an out-of-state service statute involves a party's substantive rights has not been directly passed on by Texas courts. In McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, the United States Supreme Court was considering a California statute which permitted California residents to institute suit against insurance companies on insurance contracts even though the insurance company could not be served with process within the state of California. The appeal was from a decision of a Texas court denying relief based on a California judgment under that statute. The court in reversing the Texas court and in upholding the validity of the California judgment, held:

"The statute was remedial, in the purest sense of that term, and neither enlarged or impaired respondents' substantive rights or obligations under the contract. It did nothing more than to provide petitioner with a California forum to enforce whatever substantive rights she might have against respondent. At the same time respondent was given a reasonable time to appear and defend on the merits after being notified of the suit. Under such circumstances it had no vested right not to be sued in California."

We conclude the retroactive application of the statute was not improper.

■ Appellants next attack the Oklahoma judgment on the ground appellants did not have such minimum contact within the state of Oklahoma to bring them within that state's court jurisdiction.

Whether or not the due process clause of the Fourteenth Amendment is violated by a court of a sister state when it renders judgment against a non-resident not served with process within its boundaries, depends upon an application of the so-called "minimum contact" test laid down by the more recent United States Supreme Court cases. International Shoe Company v. State of Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95. McGee v. International Life Insurance Co., supra. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283. In International Shoe Company v. State of Washington, the Court said:

> "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

In the *McGee* case, the court held:

> "It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State."

The promissory note sued upon in the instant case was executed by both appellants in Oklahoma and the note was payable in that state. The whole transaction upon which the cause of action is based was performed in the state of Oklahoma. The facts of this case clearly bring it within the minimum contact test. The fact the note was a renewal of a prior note which grew out of an indebtedness incurred out of a farming operation in Texas would not alter the result. Only the new and independent cause of action sued upon here will be looked to. See also McKanna v. Edgar (Tex.Civ.App.) 380 S.W.2d 889 (Rev. on other grounds) 388 S.W.2d 927.

The judgment of the trial court is accordingly affirmed.