McCAIN, Judge.
Appellant (plaintiff), Jack Drury & Associates, Inc., appeals a final summary judgment entered in favor of the appellee (defendant), City of Fort Lauderdale. We reverse.
The complaint is for damages resulting from termination by the defendant-city of a public relations counsel agreement. In its answer, the defendant defends the unilateral termination on grounds of (1) an alleged breach of the agreement by the plaintiff, and (2) its lack of corporate power under the city charter to enter into such an agreement. The trial judge entered summary final judgment for the defendant-city finding as a matter of law that the defendant did not have authority to enter into the agreement, since the charter of the city provides for a publicity-advertising director in the classified service whose normally assigned duties were the same as those contracted with the plaintiff.
The pleadings, depositions and affidavits filed in the cause show the following.
The charter of the defendant-city expressly grants unto it all of the powers of local self-government, including the power to expend monies to advertise and publicize the city. It provides for the hiring of persons, either in the “exempt service” or in the classified service, and sets forth the various classified departments of the city among which is the publicity department whose responsibilities are established by the civil service secretary. The charter then gives the city commission the right to hire in the “exempt service” and to specify any conditions of employment or service it may desire “except where service may be that service normally assigned to a classified position.” “Exempt service” is defined to include consultants, counsel, architects, auditors * * * and the like, rendering temporary professional services.
The agreement in question was contracted under the “exempt service” provision. It was entered into on October 1, 1963, extended several times, expiring on August 31, 1965, and provided for the plaintiff to administer public relations for the defendant, including but not limited to the handling of publicity releases, newspaper releases, and news media publicity for persons and events having news value outside the immediate area of Fort Lauder- *363 dale. The plaintiff was also to handle publicity releases pertaining to visiting dignitaries and celebrities and to act as host to such. It was agreed that purely local news involving the city and its government was to be handled by the city’s publicity-advertising director.
The duties assigned to the publicity-advertising director included the development and maintenance of favorable public relations and publicity for the city through local press, radio, and national advertising media; the creation and development of promotional ideas to attract tourists; and to provide information to visitors and potential visitors regarding the resources and advantages of the city.
We cannot conclude that the language of the charter, considered in pari materia, would preclude the hiring of a public relations firm irrespective of the nature of the proj ect or work to be performed. That the defendant-city has the right to spend money to advertise and publicize itself is evident. This function is in the official capacity of the city. The question at issue is to be determined by the identity of the function performed.
The language used in describing the duties of both the director and the plaintiff are of such general nature that we must look to the responsibilities actually assumed and acts performed by each to learn if one entails the other. Here the conflict exists.
The depositions and affidavits create an obvious issue of fact as to whether the duties being performed by the appellant under the agreement were those normally assigned to the classified position of publicity-advertising director. The record contains testimony that there was no overlapping in responsibilities, that the hiring of a public relations firm was necessary, and that ninety (90%) per cent of the public relations work for the city was being performed by the appellant.
It is cardinal that the party moving for summary judgment has the burden of showing the absence of a genuine issue of fact. All inferences of fact must be drawn from the proofs in favor of the party opposing the motion. Lab v. Hall, Fla.App. 1967, 200 So.2d 556.
The court, in ruling on a motion for summary judgment, is not to determine the issue of fact but to determine whether there is a genuine issue of any material fact. Johnson v. Studstill, Fla. 1954, 71 So.2d 251.
Genuine issues of material fact exist, and for these reasons the trial court is therefore reversed.
Reversed.
WALDEN, C. J., and MASON, ERNEST E., Associate Judge, concur.