TEDDER, GEORGE W., Jr., Associate Judge.
Appellant (defendant), Liberty Mutual Insurance Company, appeals a final summary judgment entered in favor of appellee (plaintiff), W. B. Stuckey d/b/a Stuckey Truck Line of Rhine, Georgia. We reverse.
The summary judgment was based on the complaint, the answer and two affidavits submitted on behalf of plaintiff Stuckey. The trial judge found that there was no genuine issue of material fact and that plaintiff Stuckey was entitled to judgment as a matter of law.
The plaintiff Stuckey apparently owned and operated a truck line in Rhine, Georgia. Prior to November 21, 1963, plaintiff leased a truck to New Truck Lines, a Florida corporation, and New Truck Lines held a certificate as a motor carrier issued by the Florida Public Service Commission. Plaintiff Stuckey employed one Willis Ricks as a truck driver and Mr. Ricks was “loaned” to New Truck Lines as a part of the lease agreement when plaintiff leased the truck to New Truck Lines.
On November 21, 1963, while plaintiff’s leased vehicle was being operated by Mr. *422 Ricks in Palm Beach County, Florida, it was involved in an accident. Thereafter, as a result of the accident plaintiff sued Ricks, his own employee, in Small Claims Court for the apparent negligent operation of the loaned truck. On March 26, 1965, plaintiff obtained judgment against Ricks in the amount of $1017.00.
Under Section 323.06, F.S.1967, F.S.A., a certificated carrier is required to post a bond conditioned to protect the public. This statute further provides that a carrier may substitute, in lieu of the bond, an insurance policy. New Truck Lines had a policy of insurance issued by the appellant (defendant), Liberty Mutual Insurance Company. Plaintiff Stuckey filed his complaint against Liberty Mutual Insurance Company and did not join as parties the insured New Truck Lines or the truck driver, Willis Ricks.
An examination of the record in the instant case reveals no evidence regarding the lease arrangements between Stuckey and New Truck Lines. The only reference to the status of the truck driver Ricks was that he was employed by Stuckey and “loaned” to the lessee New Truck Lines. We do not know who paid Ricks — whether it be Stuckey or New Truck Lines, or how much control the lessor Stuckey exercised over his employee Ricks.
Although this appeal involves an insurance policy issued in lieu of a statutory bond under Section 323.06, F.S.1967, F.S. A., no copy of the policy in question was before the trial court.
We consider that the final summary judgment appealed from was improvidently entered :
1. The party moving for summary judgment has the burden of showing the absence of a genuine issue of fact. All inferences of fact must be drawn from the proof in favor of the party opposing the motion. Jack Drury & Associates, Inc. v. City of Fort Lauderdale, Fla.App.1967, 203 So.2d 361; Lab v. Hall, Fla.App.1967, 200 So.2d 556.
 2. The court, in ruling on a motion for summary judgment, is not to determine the issue of fact but to determine whether there is a genuine issue of any material fact. Jack Drury & Associates, Inc. v. City of Fort Lauderdale, supra; Johnson v. Studstill, Fla.1954, 71 So.2d 251.
Genuine issues of material fact exist and for these reasons the trial court is therefore reversed.
Reversed.
WALDEN, C. J., and McCAIN, J., concur.