STEWART, JAMES R., Jr., Associate Judge.
Plaintiff obtained a $3,000.00 judgment against defendant in the State of Arkansas. The defendant was not served personally within or without Arkansas and did not appear or defend. Plaintiff then brought suit on the foreign judgment in Florida. This appeal is from the entry of a final summary judgment in favor of the plaintiff. We reverse.
In pleading to the complaint, the defendant affirmatively set forth the following defense:
The Judgment here sued upon, issued by an Arkansas Court is illegal and void, and is an act in excess of the jurisdiction of the said Arkansas Court in that the Arkansas Court had not law *621 fully acquired jurisdiction of the person of the Defendant herein, who was not served with process or otherwise notified of the pendency of the Arkansas proceedings, * * *
The affidavit filed in support of plaintiff’s motion for summary judgment and the plaintiff’s answers to interrogatories do not clearly indicate which of two Arkansas statutes were utilized to obtain jurisdiction over the defendant. However, as applied between these parties, both statutes require a mailing to be sent to the defendant and for a receipt or other evidence of personal delivery to the addressee to be obtained.
Copies of affidavits filed in connection with the Arkansas suit were attached to the plaintiff’s answers to interrogatories. These affidavits state that the required statutory mailings were delivered by postal authorities to the defendant in Florida but were refused. In an affidavit filed in opposition to the motion for summary judgment the defendant denied any knowledge of the Arkansas suit. In order to grant the motion for summary judgment, it was necessary for the trial court to make a factual determination concerning the defendant’s receipt of the Arkansas mailings and such a determination is not permissible in connection with a summary judgment.
The party moving for summary judgment has the burden of showing the absence of a genuine issue of fact. All inferences of fact must be drawn from the proof in favor of the party opposing the motion. Liberty Mutual Insurance Company v. Stuckey, Fla.App.1969, 220 So.2d 421.
A genuine issue of material fact exists and for this reason the trial court is precluded from entering summary judgment.
Reversed.
McCAIN and OWEN, JJ., concur.