256 So.2d 57 (1971)
Michael H. EINHORN and Helaine Einhorn, His Wife, Appellants,
v.
HOME STATE SAVINGS ASSOCIATION, an Ohio Corporation, Appellee.
No. 71-181.
District Court of Appeal of Florida, Fourth District.
December 15, 1971.
Edward A. Nagel, Maitland, for appellants.
Peter L. Nimkoff, of August, Nimkoff & Gladstone, and Eugene Fierro, Miami, for appellee.
OWEN, Judge.
Appellants, Michael H. Einhorn and Helaine Einhorn, his wife, who were defendants *58 below, appeal a summary judgment in favor of Home State Savings Association, an Ohio corporation, in the latter's suit on a judgment which it obtained against the Einhorns in the State of Ohio. The question on appeal is whether the Ohio court acquired valid in personam jurisdiction over appellants under Ohio's long-arm statute.[1]
The following facts appear to be undisputed: In June, 1963, Mr. and Mrs. Einhorn went to appellee's offices in Hamilton County, Ohio. There they cosigned their son's promissory note to appellee, evidencing a loan of money from appellee to the son. The loan proceeds were used by the son to acquire a home, which property was mortgaged to appellee as security for the note. Neither of the appellants had any interest in the property nor did they receive any of the loan proceeds. So far as the record before us shows, the only contact between appellants and the State of Ohio was their presence in appellee's office and their co-signing the note.
The note and mortgage subsequently became in default and appellee brought suit thereon against appellants (and others). At that time appellants were residents of the State of Florida. There was no personal service of process upon them, but they were served by substituted process under the Ohio long-arm statute.[2] Appellants made no appearance in the Ohio suit, either in person or by attorney. In due course, a default was entered against them, and ultimately the cause proceeded to a final judgment of foreclosure. A sale of the property failed to produce an amount sufficient to discharge the obligation, as a consequence of which appellee applied for and obtained in the Ohio court the deficiency judgment against appellants which is the subject of this suit.
The first question is whether the appellants' single transaction of appearing at appellee's offices in Hamilton, Ohio and there cosigning a promissory note, the proceeds of which they did not receive, is sufficient to constitute "transacting any business" in the State of Ohio within the meaning of that state's long-arm statutes.
In an action on a foreign judgment, the court will look into the law of the state where the judgment was rendered to determine whether the judgment is valid. Drake v. Granger, 1886, 22 Fla. 348; Carroll v. Gore, 1932, 106 Fla. 582, 143 So. 633. Unfortunately, we have not been directed to an Ohio case precisely on point nor has our research disclosed one.
Appellants rely principally upon the Florida case of Odell v. Signer, Fla.App. 1964, 169 So.2d 851, wherein the court stated in its opinion that the signing of a note is not a sufficient act, in and of itself, to constitute "carrying on or engaging in a business or business venture". But the Odell case was concerned with the requirements of Florida's long-arm statute, F.S. Section 48.181, F.S.A., which applies to nonresident persons or corporations who "operate, conduct, engage in, or carry on a business or business venture" in the state. The Ohio statute is somewhat broader. It extends to any nonresident "transacting any business" in the state. The difference in the language in the two types of statutes is significant and it is clear that "the transaction of any business" test is much *59 broader and requires considerably less contacts than the traditional "doing business" test.[3] Hence, cases from Florida (and other jurisdictions which have statutes similar to ours) are not determinative of the question.
We thus turn for authority to those jurisdictions which have adopted the broader type long-arm statute similar to that of Ohio.[4] Several cases from those jurisdictions, on facts closely analagous to the case at bar have determined that the execution and delivery of a promissory note by an individual personally present within the territorial limits of the state was sufficient to constitute the transacting of "any business" within the state's long-arm statute. See Roberts v. Worthen Bank & Trust Co., Miss. 1966, 183 So.2d 811; Knight v. District Court of Seventeenth Judicial District, 1967, 162 Colo. 14, 424 P.2d 110; Roberts v. Hodges, Tex.Civ.App. 1966, 401 S.W.2d 332. While some factual difference can be found in each of these cited cases (the principal one being that in each instance the signer of the note also received the note proceeds), we nonetheless find the reasoning and holding of these cases persuasive.
In the case of Knight v. District Court of Seventeenth Judicial District, supra, the petitioners were residents of Utah who had travelled to Adams County, Colorado where they negotiated for and obtained a loan from the bank, executing their promissory note. Subsequently, the note was renewed by mail. Upon default in payment, suit was filed in Colorado and substituted service made on petitioners under Colorado's long-arm statute. A petition was filed in the Colorado Supreme Court to prohibit the trial court from proceeding, assertedly because that court had not acquired jurisdiction over the person of the petitioners. The court held that the petitioners did transact business within the state and that the bank's claim arose from the transaction of such business.
In the case of Roberts v. Worthen Bank & Trust Co., supra, Roberts, a resident of Mississippi, had gone to Arkansas and there negotiated for and obtained a loan of some $29,000, for which he executed and delivered his promissory note securing the same by a chattel mortgage on an airplane. Upon default in payment, the bank brought suit in Arkansas serving appellant by substituted service of process under Arkansas' long-arm statute relating to a person transacting "any business in the state". The bank obtained a judgment, brought a suit thereon in Mississippi and obtained a Mississippi judgment against appellant. Although the court held that appellant's conduct amounted to a series of acts culminating in a loan rather than a single isolated act, it nonetheless held that he had transacted business within the State of Arkansas.[5] In its opinion, the court said:
"The question presented in the case at bar is not one involving the purchase of personal property, such as a suit or top coat, by a shopper or tourist on a weekend junket in another state. Involved here, financially and legally, are business transactions of considerable magnitude, the complete fruition of which required monthly payments extending over a period of five years. The appellant could have conducted his business affairs in any state, but he purposely availed himself of the privileges afforded him by the State of Arkansas. He invoked the benefit and protection of its laws. By *60 such election and the benefits derived from the exercise thereof, he subjected himself to the jurisdiction of the Arkansas courts in any suits arising out of his business transactions."
In this case, appellants cosigned a promissory note for approximately $20,000, payable in installments over a number of years. Assuming that appellants neither negotiated for the loan nor received any direct benefit therefrom, it is inescapable that their cosigning of the note was an integral part of the transaction. They purposely did this act in appellee's offices in the State of Ohio, and the present suit against them arises out of such act. In our view, the appellants' conduct was sufficient to constitute the transaction of "any business" within the contemplation of the Ohio long-arm statutes.
The second question is whether constitutional due process standards will be offended by subjecting appellants to the Ohio court's jurisdiction based upon the minimal contacts with that state as reflected by the facts of this case.[6] This question was also considered by the court in the Knight and the Roberts cases, supra. In Knight, the court said, 424 P.2d at page 110:
"The maintenance of the Bank's claim against these petitioners in the district court of Adams County does not, in our considered view, offend any of the `traditional notions of fair play and substantial justice.' On the contrary, it seems to us to be eminently fair and just to require the petitioners, who were able to come over the mountain to borrow $30,000, to return when they are allegedly in default as concerns repayment of the loan."
We agree with the quoted language from the Knight case, and conclude that the appellants' contact with the State of Ohio was sufficient under due process standards.
The judgment is affirmed.
REED, C.J., and CROSS, J., concur.
NOTES
[1] Ohio Revised Code, Section 2307.382 which provides, insofar as applicable to this controversy, as follows:

2307.382 Personal jurisdiction.
"(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
(1) Transacting any business in this state;
* * * * * *
(B) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him."
[2] No issue is made as to the sufficiency of compliance with statutory requirements as was the case in Maloney v. Hicks, Fla.App. 1970, 239 So.2d 620.
[3] See 27 A.L.R.3d, 397, at 429. See also Simonson v. International Bank, 1964, 14 N.Y.2d 281, 251 N.Y.S.2d 433, 200 N.E.2d 427.
[4] See the Annotation appearing in 27 A.L.R.3d 397 on the subject of isolated acts or single transactions as a basis for in personam jurisdiction over nonresidents under the different types of long-arm statutes.
[5] Accord Roberts v. Hodges, Tex.Civ.App. 1966, 401 S.W.2d 332; McKanna v. Edgar, Tex.Civ.App. 1964, 380 S.W.2d 889; and Hunter-Hayes Elevator Co. v. Petroleum Club Inn Co., 1966, 77 N.M. 92, 419 P.2d 465.
[6] The constitutional due process standards for this issue are set forth in this court's opinion in the case of Horace v. American National Bank & Trust Co. of Ft. Lauderdale, Fla.App. 1971, 251 So.2d 33 and need not be reiterated here.