Dorothy J. CUTLER, Appellant,

v.

Stuart G. CUTLER, Appellee.

No. 19013.

Court of Civil Appeals of Texas, Dallas.

Sept. 16, 1976.

Rehearing Denied Oct. 14, 1976.

Dan E. Martens, Golden, Potts, Boeckman & Wilson, Dallas, for appellant.

Timothy A. Duffy, Jordan, Ramsey & Hill, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Dorothy J. Cutler appeals from a take-nothing judgment rendered by the trial court in her action against Stuart G. Cutler, her former husband, for unpaid arrearages in alimony awarded her in an Ohio decree of divorce. Following a nonjury trial, the court found that the former husband had failed to make the required alimony payments but that there was no evidence presented to the trial court that the Ohio divorce decree was final and unmodifiable and that the alimony payments were vested, and, therefore, enforceable in Texas. Appellant, in her sole point of error, contends that the trial court abused its discretion in overruling a motion made pursuant to Tex.R.Civ.P. 184a requesting that the court take judicial notice of the common law, public statutes and court decisions of the State of Ohio. We agree with appellant's contention and, accordingly, reverse the judgment and remand the cause for further proceedings.

On December 17, 1973, appellant filed suit in a district court of this state to collect unpaid arrearages in alimony payments. She based her case upon a decree of divorce entered in the common pleas court, division of domestic relations, of Hamilton County, Ohio, and on the separation agreement incorporated by reference therein. Subsequently, appellant filed a motion for summary judgment and a hearing was held at which time argument was heard and briefs were submitted for the court's consideration. Appellee contested the motion on the ground that the appellant failed to prove the finality of the judgment under the laws of the State of Ohio. Thereafter, appellant's motion for summary judgment was overruled. During the trial on the merits, but prior to the introduction of any evidence, appellant requested the court to take judicial notice of the laws of the State of Ohio pursuant to rule 184a. The court overruled appellant's motion and, subsequently, after presentation of appellant's case, appellant again presented her oral motion to take judicial notice of the laws of the State of Ohio. Once again the court overruled the motion. Consequently, a final take-nothing judgment was rendered on the ground that there was no competent evidence to establish and prove under the laws of the State of Ohio that the judgment sought to be enforced was final and vested and not subject to modification so as to entitle appellant to enforcement in Texas under the full faith and credit clause of the United States Constitution. Furthermore, the trial court found that Texas law cannot be relied upon to supply the requisite finality to the decree. The court rendered judgment after allowing nine days upon the request of appellee for the filing of briefs concerning other matters.

██ The party who presents the judgment and asks that full faith and credit should be given thereto is required to show that the laws of the state make such installments final and not subject to modification after their accrual. *Ogg v. Ogg*, 165 S.W. 912, 913–14 (Tex.Civ.App.—San Antonio 1914, no writ). The basic principle underlying *Ogg* is that these necessary requisites cannot be supplied by a presumption that the laws of the other state are the same as Texas because Texas law does not permit judgment for permanent alimony. Since Texas law cannot aid the judgment in determining its finality, a court must be advised of the applicable law of the foreign jurisdiction where the judgment was rendered; otherwise the judgment cannot be enforced.

 Appellant recognizes that the law of this state places a condition upon her right to recover unpaid alimony awarded in a foreign jurisdiction—i. e. that such accrued installments must be vested, unpaid, and uncapable of being modified. *Criteser v. Gaffey*, 222 S.W. 193, 194 (Tex.Comm'n App.1920, holding approved). Appellant concedes that she has the burden of establishing that the decree for alimony was a final judgment under the laws of Ohio. *Quinn v. Quinn*, 216 S.W.2d 1001, 1004 (Tex. Civ.App.—Fort Worth 1948, writ ref'd n. r. e.).

Appellant points out correctly that all elements necessary to sustain the judgment were approved and found by the court in its findings of fact and conclusions of law with the exception of whether the decree of divorce was final and unmodifiable under Ohio law. She contends that she was not allowed to prove a final and unmodifiable judgment because of the trial court's denial of her motion to take judicial notice of the laws of the State of Ohio. She further contends that the trial court erred in basing this ruling upon a failure to give adequate notice of the motion to the court and upon surprise to the appellee. Appellee responds by arguing that the court's findings of fact and conclusions of law demonstrate that the court based its decision to deny the motion under rule 184a on the issue of adequate notice and not on an element of surprise. In fact, during oral argument before this court, counsel for appellee conceded that when the motion was presented to the court on the opening day of trial he was not caught by surprise, especially since the question of taking judicial knowledge of the

laws of Ohio had been considered previously when the court considered and ruled upon the motion for summary judgment.

In this state of the record the sole question is whether the motion presented by appellant pursuant to rule 184a was made at such a late date so as to justify appellee's contention of inadequacy of notice and to form the basis of the trial court's discretion in overruling the motion.

Tex.R.Civ.P. 184a, entitled "Judicial Notice of Law of Other States, Etc." provides:

The judge upon the motion of either party shall take judicial notice of the common law, public statutes, and court decisions of every other state, territory, or jurisdiction of the United States. Any party requesting that judicial notice be taken of such matter shall furnish the judge sufficient information to enable him properly to comply with the request, and shall give each adverse party such notice, if any, as the judge may deem necessary, to enable the adverse party fairly to prepare to meet the request. The rulings of the judge on such matters shall be subject to review.

■■ In *Gard v. Gard*, 244 S.W.2d 884, 886–87 (Tex.Civ.App.—El Paso 1951, no writ), the court held the movant is required to give the adverse party only such notice, if any, that the judge deems necessary to enable the adverse party fairly to prepare to meet the request. Also in *Gould v. Awapara*, 365 S.W.2d 671, 673–74 (Tex.Civ.App. —Houston 1963, no writ), the court held that even though no formal motion was made requesting the court to take judicial notice of the statutes of a foreign jurisdiction, those statutes were pleaded and the other party was given notice of the movant's intention to rely upon them. Furthermore, the court held that upon the trial of the merits the applicability of the foreign law was argued, and after all evidence was presented, the case was reset for five days to give the attorneys further time to prepare argument on the law. Thus, the court concluded that the opponent had full notice of reliance by the movant on the foreign law and had adequate time in which to

prepare an argument. Consequently, the court affirmed the trial court's taking judicial notice. The main thrust of *Gard* and *Gould* is that opposing counsel should be given sufficient time to respond intelligently to the specific contents of the motions. In the case under consideration, the appellee was fully aware of appellant's intention to rely upon the foreign judgment since the issue was previously argued and briefed upon the question of summary judgment. Furthermore, in the original petition filed by the wife, appellant herein, it was recited that pursuant to the laws of the State of Ohio a certain sum of alimony payments was sufficient and owing to the wife by the husband and that all judgments rendered in the State of Ohio were entitled to full faith and credit under the constitution and laws of the United States.

In his original motion filed pursuant to rule 184a appellant's counsel gave the court three cases from Ohio, reported in the North Eastern Reporter system, all of which set forth the applicable Ohio law desired to be made known by appellant in support of her cause of action. Thus, the court and counsel for appellee had ample opportunity to become knowledgeable of the Ohio law at issue during the trial of the case and before judgment was rendered. If he needed more time, the court could have given him leave to respond to the motion after all evidence had been presented. In this connection it is significant that after the testimony was closed the trial court allowed counsel for appellant and appellee nine days within which to submit authorities on other questions. It is also significant that the trial of the case occurred on July 9, 1975, and final judgment was not rendered until January 30, 1976. Thus, the record affirmatively shows that granting appellant's motion and allowing ample time for appellee to respond would not have delayed the trial or final disposition of the case.

The record reflects that at no time did counsel for appellee request a continuance or withdraw his announcement of ready in

**4**

order to comply with his burden of becoming familiar with Ohio law in responding to the motion filed by appellant. In a recent case, when a movant made motion under rule 184a, the opponent objected to a lack of proper notice but did not request a recess or continuance during which they could prepare a defense to the motion. The Tyler Court of Civil Appeals held that the opponents were not denied an opportunity to meet the request for judicial notice and that the trial court did not err in taking judicial notice of the foreign ·statute. *Wickware v. Session,* 538 S.W.2d 466, 470 (Tex.Civ.App.—Tyler 1976, no writ).

We are convinced from a reading of the entire record in this case that time was not of the essence in the rendition of the judgment and that appellee failed to show himself to be prejudiced by appellant's failure to file formal notice under rule 184a until the day of the trial. We are also convinced that the procedural results exhibited in this record are so harsh as to deny appellant's right of enforcement of a possibly valid foreign judgment. While it is true that the trial court possesses discretion with respect to notice to the adverse party, it does not have the discretion to refuse to take judicial notice of the foreign law upon proper motion. In our judgment this case is one which demonstrates that the trial court abused its discretion in denying appellant's right to present its motion under rule 184a. Accordingly, we reverse the judgment and remand the cause to the trial court for further proceedings.

Reversed and remanded.